UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICK DURSO,

Plaintiff,

-vs-                                                    Case No.  6:07-cv-2007-Orl-19KRS

SUMMER BROOK PRESERVE
HOMEOWNERS ASSOCIATION,
DAVID ROACH, COLIN WALKER,
ELIZABETH MCCABE, KIMBERLY
KANARICK, LOUIS SEILER,
SAMIR SINGH, ALDO MARTIN,
BRIAN PERRIER, JEANNETTE
EGERTON, ANN REINHART,  FRED
DOUGLAS, DEBORAH STEEN, FRED
CATO, SUSAN GRAUDINS, WILLIAM VOGT,

Defendants.
_____

# ORDER

This case comes before the Court on the following:

1.      Motion to Set Aside Clerk's Default of Defendant Fred Cato (Doc. No. 39, filed Feb.

4, 2008);

2.      Plaintiff's Motion for Default Final Judgment Against Defendant Fred Cato (Doc.

No. 41, filed Feb 4, 2008);

3.      Notice of Filing Affidavit in Support of Motion to Set Aside Clerk's Default of

Defendant Fred Cato (Doc. No. 50, filed Feb. 11, 2008);

4.      Notice of Correction of Certificate of Service by Defendant Fred Cato (Doc. No. 53,

filed Feb. 13, 2008);

5.     Plaintiff's Opposed Motion for Sanctions and Notice of Improper Service of Motion to Set Aside Default (Doc. No. 55, filed Feb. 13, 2007);

6.     Response in Opposition to Plaintiff's Motion for Default Final Judgment Against Defendant Fred Cato (Doc. No. 56, filed Feb 14, 2008);

7.     Plaintiff's Response to the Motion to Set Aside Default and Memorandum of Law (Doc. No. 58, filed Feb. 19, 2008); and

8.     Response to Plaintiff's Motion for Sanctions of Defendant Fred Cato (Doc. No. 61, filed Feb. 25, 2008).

## Background

Plaintiff filed the underlying Complaint against all Defendants on December 20, 2007.  (Doc. No. 1).  Plaintiff served Defendant Cato on December 21, 2007.  (Doc. No. 19).  Defendant Cato failed to respond to Plaintiff's Complaint, and Plaintiff moved for an entry of Clerk's Default on January 22, 2008.  (Doc. No. 29).  An default was entered by the Clerk on January 23, 2007.  (Doc. No. 31).

Defendant Cato simultaneously filed a motion to set aside the entry of default and a motion to dismiss the complaint on February 4, 2008.[1]  (Doc. Nos. 39, 40).  Plaintiff filed a response in

---

[1]     Defendant Cato's motion to set aside the entry of default contained a certificate of service dated February 1, 2008.  (Doc. No. 39).  Defendant Cato's motion to dismiss contained a certificate of service dated were dated January 31, 2008.  (Doc. No. 39).  However, such documents were not mailed to Plaintiff until February 5, 2008.  (Doc. No. 53, ¶ 3; Doc. No. 55, p. 2, ¶ 7).  Plaintiff did not receive the aforementioned documents until February 7, 2008.  (Doc. No. 55, p. 2, ¶ 7).  Accordingly, Plaintiff did not respond to Defendant Cato's motion to set aside the entry of default until February 19, 2007.  (Doc. No. 58 (Plaintiff's response in opposition to motion to set aside entry of default); *see also* Doc. No. 55 (Plaintiff's motion for sanctions arguing that he should be given until February 19, 2008 to respond to Defendant Cato's motion)).  Due to the discrepancies with the dates of service, the Court will consider Plaintiff's response to Defendant Cato's motion

(continued...)

opposition to Defendant Cato's motion to set aside the default on February 19, 2007. (Doc. No. 58).

On February 13, 2008, Plaintiff filed a motion for sanctions contending that Defendant Cato willfully misrepresented the date of service on both his motion to set aside the entry of default and motion to dismiss. (Doc. No. 55). Defendant Cato opposes Plaintiff's motion. (Doc. No. 61).

Plaintiff also filed a motion for default judgment on February 4, 2008. (Doc. No. 41). Defendant Cato opposes Plaintiff's motion. (Doc. No. 58).

## Analysis

### I.      Motion to Set Aside Entry of Default

Courts have discretion to set aside an entry of default for good cause. *See McGrady v. D'Andrea Elec. Inc.*, 434 F.2d 1000, 1001 (5th Cir. 1970) (per curiam)[2]; Fed. R. Civ. P. 55(c). The existence of good caused depends on the circumstances of the particular case. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). Courts may consider the following factors: (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether the defaulting party has a meritorious defense; (4) the financial loss to the defaulting party; and (5) the speed with which the defaulting party attempted to correct the default. *Id.* However, the list is not exclusive. *Id.* Moreover, policy considerations clearly favor deciding cases on their merits. *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1510 (11th Cir. 1984).

--------

[1](...continued)
to set aside the entry of default timely filed.

[2]      In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted the decisions of the United States Court of Appeals for the Fifth Circuit that were handed down prior to October 1, 1981 as binding precedent.

Plaintiff is suing Defendant Cato because he is a former member of the Board of Directors of Summer Brook Preserve Homeowners Association.  (Doc. No. 1, ¶ 11).  The Board of Directors is also named as a co-Defendant in the underlying case.  (*Id.* at ¶ 4).  Defendant Cato was served on December 21, 2007.  (Doc. No. 39-2, ¶ 3).  Within one week of the time he was served, David Roach, a co-Defendant who is president of the Board of Directors of Summer Brook Preserve Homeowners Association, assured Defendant Cato that the Homeowners Association would represent Defendant Cato in the underlying case and that he should refrain from acting.  (*Id.* at ¶¶ 4, 7).  Defendant Cato testified that he relied on Defendant Roach's representation and did not respond to Plaintiff's Complaint.  (*Id.* at ¶ 9).  According to Defendant Cato, he did not learn that he was not being represented until February 1, 2008 when he received notice that default was entered against him.  (*Id.* at ¶ 8).  Defendant Cato supports his own testimony with the affidavit of John Snively, a case manager for United States Liability Group, the insurance company for Defendant Summer Brook Preserve Homeowners Association.  (Doc. Nos. 50, 50-2).  Mr. Snively testified that his company intended to secure representation for Defendant Cato and the rest of the Board of Directors, but it was delayed in securing representation for Defendant Cato because it discovered a conflict of interest pertaining solely to Defendant Cato.  (Doc. No. 50-2).

Defendant Cato filed the underlying motion to set aside the entry of default within days of receiving notice of the default, before Plaintiff could move for a default judgment.  (Doc. Nos. 39, 41).  Defendant Cato's prompt response to correct the entry of default weighs in favor of granting his motion.  Although Plaintiff contends that Defendant Summer Brook Preserve Homeowners Association intentionally failed to represent Defendant Cato and argues that Defendant Cato should have realized that the Homeowners Association would not represent him, Plaintiff offers no

evidence to contradict Defendant Cato's submission showing that the entry of default was not a result his own willful conduct. (*See* Doc. No. 58). Moreover, there is no evidence that Plaintiff will be prejudiced by setting aside the default. The underlying case still remains in the early stages of litigation. All of the other Defendants have filed motions to dismiss Plaintiff's Complaint that still remain pending. (Doc. Nos. 22, 23). Because cases should be decided on the merits, the Court finds that the balance of the factors weighs in favor of granting Defendant Cato's Motion to Set Aside the Entry of Default. Further, because the Court is setting aside the entry of default, Plaintiff's motion for default judgment must be denied as moot. (Doc. No. 41).

## II.    Plaintiff's Motion for Sanctions

Plaintiff filed a motion for sanctions with the Court on February 13, 2008. (Doc. No. 55). Plaintiff contends that Defendant Cato's misrepresentation of the dates of service for his motion to set aside the entry of default and motion to dismiss are material misrepresentations of fact. (Doc. No. 55, p. 4). Additionally, Plaintiff argues that Defendant Cato's misrepresentation of the date of mailing unreasonably delayed the litigation and forced him to have to file his motion for sanctions. (*Id.* at p. 5). However, Plaintiff's motion states that he "is not seeking sanctions pursuant to Rule 11" because Rule 11(c)(1)'s safe harbor provision would require him to wait twenty-one days before filing the motion with the Court. (*Id.*) Plaintiff contends that complying with the safe harbor provision "would only further delay [the] action" and requests that the Court exercise its inherent authority to sanction Defendant Cato. (*Id.*)

The certificate of service indicates that Plaintiff served his motion for sanctions on Defendant Cato on February 12, 2008. (*Id.* at p. 6). However, Defendant Cato filed a notice correcting the errors Plaintiff referenced on February 13, 2008, before Plaintiff's Motion for Sanctions appeared

in the Court records.  (Doc. Nos. 53, 55).  Because Defendant Cato corrected the error on the certificates of service before the Court received Plaintiff's motion for sanctions, Plaintiff's Motion for Sanctions is denied as moot.  (Doc. No. 55).

## Conclusion

Based on the foregoing, the Court:

1.    **GRANTS** Defendant Cato's Motion to Set Aside Clerk's Default (Doc. No. 39);

2.    **DENIES AS MOOT** Plaintiff's Motion for Default Final Judgment (Doc. No. 41); and

3.    **DENIES AS MOOT** Plaintiff's Motion for Sanctions (Doc. No. 55).

**DONE** and **ORDERED** in Chambers in Orlando, Florida on February 27, 2008.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party