**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PATRICK DURSO,**

                **Plaintiff,**

**-vs-**                                     **Case No.  6:07-cv-2007-Orl-19KRS**

**SUMMER BROOK PRESERVE**
**HOMEOWNERS ASSOCIATION,  DAVID**
**ROACH, COLIN WALKER, ELIZABETH**
**MCCABE, KIMBERLY KANARICK, LOUIS**
**SEILER,  SAMIR SINGH, ALDO MARTIN,**
**BRIAN PERRIER, JEANNETTE EGERTON,**
**ANN REINHART,  FRED DOUGLAS,**
**DEBORAH STEEN, FRED CATO, SUSAN**
**GRAUDINS, WILLIAM VOGT,**

                **Defendants.**

_____

# ORDER

This case comes before the Court on the following:

1.      Motion of the Summer Brook Preserve Defendants[1] to Dismiss Plaintiff's Complaint

Pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim or

Cause of Action, [] Motion for More Definite Statement Pursuant to Federal Rule of

Civil Procedure 12(e)[,] Motion to Strike Pursuant to Federal Rule of Civil

Procedure 12(f)[,] and Incorporated Memorandum of Law (Doc. No. 22, filed Jan.

10, 2008);

---

[1]     The "Summer Brook Preserve Defendants" are Summer Brook Preserve
Homeowners Association Inc., David Roach, Colin Walker, Elizabeth McCabe,
Kimberly Kanarick, Louis Seiler, Samir Singh, Aldo Martin, Brian Perrier, Jeanette
Egerton, Ann Reinhart, Fred Douglas, and Deborah Steen. (*See* Doc. No. 22.) The
Court will refer to the three remaining defendants, Fred Cato, Susan Graudins, and
William Vogt, individually.

2.      Motion and Memorandum of Law in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction by Defendants Susan Graudins and William Vogt (Doc. No. 23, filed Jan. 14, 2008);

3.      Response to Defendant[s] Graduins[] and Vogt's Motion to Dismiss Complaint and Memorandum of Law by Plaintiff Patrick Durso (Doc. No. 34, filed Jan. 25, 2008);

4.      Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim or Cause of Action, [] Motion for More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e)[,] Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f)[,] and Incorporated Memorandum of Law by Defendant Fred Cato (Doc. No. 40, filed Feb. 4, 2008);

5.      Amended Response to [the Summer Brook Preserve] Defendants' Motion to Dismiss Complaint and Memorandum of Law by Plaintiff (Doc. No. 45, filed Feb. 8, 2008);

6.      Opposed Motion to Strike Defendant Cato's Motion to Dismiss and Memorandum of Law by Plaintiff (Doc. No. 57, filed Feb. 19, 2008);

7.      Response in Opposition to Plaintiff's Motion to Strike by Defendant Fred Cato (Doc. No. 65, filed Mar. 3, 2008);

8       Response to Defendant Cato's Motion to Dismiss Complaint and Memorandum of law by Plaintiff (Doc. No. 71, filed Mar. 18, 2008);

9.      Document Entitled "Adding Defendant Deleo to Count One" by Plaintiff (Doc. No. 74, filed Mar. 24, 2008);

10.     Motion to Strike Plaintiff's Purported Pleading Entitled "Adding Defendant Deleo to Count One," or in the Alternative[,] Motion to Dismiss and Incorporated

Memorandum of Law by the Summer Brook Preserve Defendants (Doc. No. 79, filed Apr. 7, 2008);

11.     Motion to Strike Pleading Entitled "Adding Defendant Deleo to Count One["] and/or in [the] Alternative, Motion to Dismiss by Defendant Fred Cato (Doc. No. 80, filed Apr. 9, 2008);

12.     Response to [the Summer Brook Preserve] Defendant[s'] Motion to Strike Plaintiff's Purported Pleading Entitled "Adding Defendant Deleo to Count One," or in the Alternative, Motion to Dismiss and Incorporated Memorandum of Law by Plaintiff (Doc. No. 81, filed Apr. 17, 2008); and

13.     Response to Defendant Cato's Motion to Strike Pleading Entitled "Adding Defendant Deleo to Count One," and/or in the Alternative, Motion to Dismiss by Plaintiff (Doc. No. 82, filed Apr. 17, 2008).

## Background

*Pro se* Plaintiff Patrick Durso brings this action against Defendants Summer Book Preserve Homeowners Association Inc., David Roach, Colin Walker, Elizabeth McCabe, Kimberly Kanarick, Louis Seiler, Samir Singh, Aldo Martin, Brian Perrier, Jeannette Egerton, Ann Reinhart, Fred Douglas, and Deborah Steen (collectively, the "Summer Brook Preserve Defendants"), as well as Defendants Fred Cato, Susan Graudins, and William Vogt.  (Doc. No. 1, filed Dec. 20, 2007.)[2]  The

---

[2]     In his Complaint, Plaintiff also makes allegations against an individual named Theresa Nicolette. (*E.g.*, Doc. No. 1 at 5, ¶ 20.)  However, Ms. Nicolette is not listed in the heading of the Complaint, and there is nothing in the record to suggest that she has been served with a summons and copy of the Complaint as required by Federal Rule of Civil Procedure 4.  Accordingly, Ms. Nicolette is not a party to this case, and all references to her will be disregarded.

Complaint is 90 pages long and contains 16 counts and 234 pages of exhibits. (Doc. Nos. 1, 1-2, 1-3, 1-4, 1-5; Ex. 66-126.[3]) Four counts allege violations of federal statutes: (1) unlawful debt collection under the Fair Debt Collection Practices Act (Count I); (2) violation of the Racketeer Influenced and Corrupt Organizations Act (Count II); harassment under 18 U.S.C. § 214 (Count V); and tampering with United States mail and invasion of privacy in violation of 18 U.S.C. § 1705 (Count XII). (Doc. No. 1 at 30-36, 45-48, 66-68.) The remaining twelve counts appear to be based on state law: (1) violation of Chapter 720, Florida Statutes (Count III); (2) breach of fiduciary duty (Count IV); (3) slander and libel (Count VI); (4) retaliatory conduct (Count VII); (5) misappropriation of community funds (Count VIII); (6) defamation of character (Count IX); (7) violation of the "business judgment rule" (Count X); (8) insurance fraud (Count XII); (9) "invalidity of Summer Brook Preserve Homeowners Association covenants, codes, and restrictions by means of selective enforcement" (Count XIII); (10) "receivership" (Count XIV); (11) injunctive relief against Defendant Summer Brook Preserve (Count XV); and (12) injunctive relief against Defendants Graudins, Vogt, Egerton, and Seiler (Count XVI). (*Id.* at 36-45, 48-65, 68-89.)

The following facts have been alleged by Plaintiff in his Complaint.[4] Plaintiff is a homeowner in a subdivision known as "Summer Brook Preserve" in Melbourne, Florida. (*Id.* at 2, ¶ 3.) Defendant Summer Brook Homeowners Association, Inc. ("the HOA") is a Florida Not-for-Profit Corporation operating as a homeowners association as defined by Chapter 720 of the Florida Statutes. (*Id.* at 3, ¶ 4.) Defendants David Roach, Colin Walker, and Elizabeth McCabe are members of the Board of Directors of the HOA. (*Id.* ¶¶ 5-7.) Defendants Kimberly Kanarick, Fred

---

[3]     Exhibits 66 to 126 were filed separately in hard copy.

[4]     These allegations are offered only to set forth Plaintiff's claims and should not be construed as findings of fact.

Douglas, Fred Cato, and Deborah Steen are former members of the Board of Directors of the HOA. (*Id.* at 3-4, ¶¶ 8, 10-11, 17.)  Defendants Louis Seiler, Samir Singh, Aldo Martin, Brian Perrier, and Jeannette Egerton are members of the HOA Independent Hearing Committee.  (*Id.* ¶¶ 9, 12-15.) Defendant Ann Reinhart is the chairman of the HOA Landscape and Maintenance Committee.  (*Id.* at 4, ¶ 16.)  Defendant Susan K. Graudins is a homeowner in Summer Brook Preserve, and her father, Defendant William Vogt, resides with her as a tenant.  (*Id.* at 5, ¶¶ 18-19.)  Plaintiff and his wife, Ellen C. Durso, purchased a home in Summer Brook Preserve on February 13, 2004.  (*Id.* ¶ 21.)  The subdivision is governed by the HOA, which operates under a Declaration of Covenants, Conditions, and Restrictions, as recorded in Official Record Book 3985, page 1157, of the Public Records of Brevard County, Florida.  (*Id.* ¶ 22.)

This action arises from a series of disputes between Plaintiff and various members of the HOA.  As a brief summary, Plaintiff has alleged that his neighbors and members of the HOA have harassed, threatened, and retaliated against him; selectively enforced HOA rules against him; defamed his character; tampered with his mail; barred his access to financial information and participation in HOA meetings; and failed to follow proper procedures for homeowners associations as established by Florida law.  (*Id.* at 5-30, ¶¶ 21-108.)  Several motions to strike are currently pending before the Court (Doc. Nos. 57, 79, 80), and all Defendants have moved to dismiss the Complaint (Doc. Nos. 22, 23, 40).

**Analysis**

## I.     Motions to Strike

### A.     Legal Standard

A trial court has the inherent power to impose sanctions for a party's failure to comply with court orders or the Federal Rules of Civil Procedure. *E.g.*, *Zocaras v. Castro*, 465 F.3d 479, 490 (11th Cir. 2006). The Court may, among other things, strike a non-compliant motion or other filing. *E.g.*, *Jones v. United Space Alliance, L.L.C.*, 170 F. App'x 52, 57 (11th Cir. 2006) (finding a district court did not abuse its discretion in striking a motion that violated the district's local rules).

### B.     Application of the Law

### 1.     Motion of Plaintiff

Plaintiff moves to strike the Motion to Dismiss by Defendant Fred Cato on the ground that "[a] default has been duly entered by the Clerk of the Court against [Cato]. Pursuant to Rule 55(b), [Cato] has no standing to file a Motion to Dismiss after entry of a default . . . ." (Doc. No. 57 at 4.) A default was entered against Cato on January 23, 2008 (Doc. No. 31); however, Cato moved to set aside this default on February 4, 2008 (Doc. No. 39). The Court granted this Motion on February 28, 2008. (Doc. No. 63.)[5]  Since Cato is no longer in default, the premise for Plaintiff's Motion to strike no longer exists. Therefore, the Court denies Plaintiff's Motion to strike Cato's Motion to dismiss.

---

[5]     Cato's Motion to dismiss was filed immediately after his Motion to set aside the default. (Doc. Nos. 39, 40.) Plaintiff has since responded to Cato's Motion to dismiss. (Doc. No. 71.)

### 2.    Motions of the Summer Brook Preserve Defendants and Fred Cato

The Summer Brook Preserve Defendants and Defendant Fred Cato separately move the Court to strike Plaintiff's pleading entitled "Adding Defendant Deleo to Count One." (Doc. Nos. 79, 80.)[6] Previously, Plaintiff moved to add an "indispensable party," Joseph DeLeo, as a Defendant in this case. (Doc. No. 43, filed Feb. 8, 2008.)  United States Magistrate Judge Spaulding granted Plaintiff's Motion as unopposed. (Doc. No. 69, filed Mar. 14, 2008.)  Judge Spaulding further instructed:

> Durso shall file and serve on all parties currently of record an amended complaint adding DeLeo as a party on or before March 24, 2008. In filing the amended complaint, Durso is instructed to comply with Rule 8 of the Federal Rules of Civil Procedure and to limit the amended complaint to a short and plain statement of the claim showing that he is entitled to relief. After filing the amended complaint, Durso must properly serve the complaint on DeLeo.

(*Id.* at 2.)

In response to this Order, Plaintiff filed a document entitled "Adding Defendant Deleo to Count One." (Doc. No. 74.)  In this document, Plaintiff sets forth his claims against Deleo alone. (*Id.*)[7]  Such pleading does not comply with Judge Spaulding's Order which required Plaintiff to file an amended complaint.[8]  It also does not comply with Local Rule 4.01 which states: "Unless

---

[6]    Cato's Motion is almost identical to the Motion filed by the Summer Brook Preserve Defendants. (*Compare* Doc. No. 79 *with* Doc. No. 80.)

[7]    Plaintiff appears to misunderstand Judge Spaulding's Order, as demonstrated in his Response in opposition to the Summer Brook Preserve Defendants' Motion to strike, in which he states: "The instruction to limit the amendment to a 'short and plain statement of the claim showing why he is entitled to relief' clearly was a directive to Plaintiff **NOT** to re-file an amended 16 Count Complaint merely to join Defendant DeLeo in Count One." (Doc. No. 81 at 2, ¶ 4 (emphasis in original).)

[8]    Furthermore, Plaintiff has not filed a Return of Service as to Joseph DeLeo, and DeLeo has not entered an appearance or filed any response in this case. In the
(continued...)

otherwise directed by the Court, any party permitted to amend a pleading shall file the amended pleading in its entirety with the amendments incorporated therein." Accordingly, the Court grants the Motions to strike the document entitled "Adding Defendant Deleo to Count One" by the Summer Brook Preserve Defendants and Defendant Cato.

## II.    Motions to Dismiss

### A.    Legal Standard

#### 1.    Challenges to Subject Matter Jurisdiction

Subject matter jurisdiction must be affirmatively shown in the record before considering the merits of any case. *E.g.*, *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). The party asserting federal subject matter jurisdiction bears the burden of proving its existence. *Id.* In an ordinary civil action, the Federal Rules of Civil Procedure require a party to file "a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). If the complaint fails to conform to Federal Rule of Civil Procedure 8(a)(1), the defendant can move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1). *E.g.*, *Leisure v. Hogan*, 21 F. App'x 277, 278 (6th Cir. 2001); *Anderson v. United States*, 245 F. Supp. 2d 1217, 1221 (M.D. Fla. 2002).

Under Federal Rule of Civil Procedure 12(b)(1), a party may bring either a facial or a factual challenge to a court's subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29

---

[8](...continued)
> Document entitled "Adding Defendant Deleo to Count One," Plaintiff includes in his "Certificate of Service" a statement that a copy of the Complaint "has been sent via United States Mail and via service of process" to DeLeo. (Doc. No. 74 at 4.) However, no proof of service as required by Federal Rule of Civil Procedure 4(l)(1) has been filed in the record, and over 120 days has passed since the purported joinder of DeLeo.

(11th Cir. 1990).  In a facial challenge, a court assumes all of the plaintiff's allegations are true and determines whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction.  *Id*. at 1529.  In a factual challenge, a court must determine if it has power to hear the case.  *Id*.  A court is not required to assume the plaintiff's allegations are true and is free to weigh the evidence and evaluate the merits of the jurisdictional claims.  *Id*.

## 2. Challenges to the Sufficiency of the Pleadings

For the purposes of a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), the court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences drawn from such pleading.  *E.g.*, *Jackson v. Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (abrogated on other grounds).  The court must limit its consideration to this pleading and the written instruments attached to it as exhibits.  Fed. R. Civ. P. 12(d); *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993).  Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint.  *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007).

## B. Application of the Law

The Summer Brook Preserve Defendants, Defendant Fred Cato, and Defendants Susan Graudins and William Vogt separately move the Court to dismiss Plaintiff's Complaint.  (Doc. Nos. 22-23, 40.)  As with his Motion to strike, Cato's Motion to dismiss is almost identical to the Motion filed by the Summer Brook Preserve Defendants.  (*Compare* Doc. No. 22 *with* Doc. No. 40.) Graudins and Vogt incorporate by reference the Motion of the Summer Brook Preserve Defendants.

(Doc. No. 23 at 5.)  Therefore, the Court will first consider the merits of the Motion by the Summer Book Preserve Defendants since it was filed first and has been substantially adopted by the other Defendants.  The Court will also consider the other Motions to dismiss but will discuss such Motions only to the extent that they address any remaining unresolved issues.

### 1.	Violation of the Fair Debt Collection Practices Act (Count I)

The Summer Brook Preserve Defendants first argue that Plaintiff has failed to state a claim for relief under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p (2006).  (Doc. No. 22 at 2-5, 14-16.)  The FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person . . . ."  15 U.S.C. § 1692k(a).  Under the statute, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  *Id.* § 1692a(5).  A "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."  *Id.* § 1692a(5).

As this language demonstrates, the debt that the FDCPA governs must arise out of some form of "transaction."  The statute does not define "transaction," but the Eleventh Circuit Court of Appeals has explained, "The ordinary meaning of 'transaction' necessarily implies some type of business dealing between parties."  *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1371 (11th Cir. 1998).  In other words, "the FDCPA limits its reach to those obligations to pay arising from

consensual transactions, where parties negotiate or contract for consumer-related goods or services." *Id.* (quoting *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1326 (7th Cir. 1997)). Thus, "at a minimum, a 'transaction' under the FDCPA must involve some kind of business dealing or consensual obligation." *Id.* Pursuant to this interpretation, the Eleventh Circuit has held, for example, that the FDCPA does not cover monetary obligations arising from a tort suit. *Id.* at 1371-72 (citing cases).

In Count I of his Complaint, Plaintiff alleges that the Summer Brook Preserve Defendants imposed fines on him for, among other things, parking his boat and trailer on the street and having a basketball backboard in an improper location in violation of HOA rules and policies. (Doc. No. 1 at 14, 20-25, ¶¶ 52, 78, 81, 84-86, 88, 92-93.) Plaintiff argues that the assessment of fines against him was "illegal," and furthermore, the unpaid fines created a "debt" under the FDCPA. (*Id.* at 31, ¶ 111.) When the HOA and its agents sought to collect the debt, Plaintiff claims that they became "debt collectors" and acted in violation of the statute. (*Id.* at 31-21, ¶¶ 112-14, 122-25.)

The Summer Brook Preserve Defendants argue that they are not "debt collectors" and that the fines imposed on Plaintiff for violation of HOA rules are not "debts" under the FDCPA. (Doc. No. 22 at 14-16.) Regarding the latter argument, Plaintiff responds that courts have held that the failure to pay homeowners association fees creates a debt under the FDCPA. (Doc. No. 45 at 11 (citing *Ladick v. Van Gemert*, 146 F.3d 1205 (10th Cir. 1998)).) The Summer Brook Preserve Defendants acknowledge this point and state:

> While courts have held that homeowners[] association maintenance fees constitute a debt for purposes of the F[D]CPA, there is no authority for the proposition that a fine is a debt within the meaning of the statute. There is authority for the proposition that the imposition of a legally imposed fine is not a 'debt' within the meaning of the FDCPA.

(Doc. No. 22 at 16 (citing *Graham v. ACS State & Local Solutions, Inc.*, No. 0:06-cv-2708-JNE/JJG, 2006 WL 2911780 (D. Minn. Oct. 10, 2006)).)

The case cited by Plaintiff is from the Tenth Circuit Court of Appeals and found that a homeowner's obligation to pay a homeowners association assessment for the maintenance and repair of a common area was a transaction from which a debt as defined by the FDCPA could arise. *Ladick*, 146 F.3d at 1206. The Tenth Circuit noted that the homeowner "became obligated upon purchasing his condominium unit to pay any assessments pursuant to the governing documents of his association . . . ." *Id.*; *see also Newman v. Boehm, Pearlstein & Bright, Ltd.*, 119 F.3d 477, 482 (7th Cir. 1997) (past-due assessments for common expenses owed to a condominium association qualify as debts under the FDCPA). As the Fifth Circuit Court of Appeals has explained, *Ladick* and similar cases stand for the proposition that a debt may arise when the obligation at issue is created by "a promise to pay for a particular good or service." *Hamilton v. United Healthcare of La., Inc.*, 310 F.3d 385, 395 (5th Cir. 2002).

In the case cited by the Summer Brook Preserve Defendants, a trial court in the District of Minnesota found that unpaid parking tickets do not qualify as a debt under the FDCPA. *Graham*, 2006 WL 2911780, at *2. Several other district courts have similarly concluded that a fine is not a debt within the meaning of the statute. *E.g.*, *Yon v. Alliance One Receivables Mgmt., Inc.*, No. 0:07-cv-61362, 2007 WL 4287628, at *1 (S.D. Fla. Dec. 5, 2007) (unpaid traffic ticket fine is not a debt under the FDCPA); *Harper v. Collection Bureau of Walla Walla, Inc.*, No. 2:06-cv-1605-JCC, 2007 WL 4287293, at *7 (W.D. Wash. Dec. 4, 2007) (same); *Riebe v. Juergensmeyer & Assocs.*, 979 F. Supp. 1218, 1221-22 (N.D. Ill. 1997) (unpaid fine imposed for overdue library book is not a debt under the FDCPA).

The HOA fines were penalties against Plaintiff for violations of HOA rules and were not the result of a business dealing or an obligation to pay for goods or services. (*See* Doc. No. 1 at 14, 20-25, ¶¶ 52, 78, 81, 84-86, 88, 92-93.) The unpaid fines are more akin to the tort award described by the Eleventh Circuit in *Hawthorne*, 140 F.3d at 1371-72, than the association fees and dues described by the Tenth Circuit in *Ladick*, 146 F.3d at 1206. Thus, the fines assessed against Plaintiff by the HOA do not create a "debt" under the FDCPA. Defendants therefore cannot be debt collectors within the meaning of the statute, and Count I of the Complaint must be dismissed.

### 2. Violation of the Racketeer Influenced and Corrupt Organizations Act (Count II)

Count II of the Complaint alleges a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68 (2006). (Doc. No. 1 at 33-36, ¶¶ 131-41.) Plaintiff claims that "Defendants have injured Plaintiff by conducting a business enterprise through a pattern of racketeering activity in violation of 18 U.S.C. Section 1962(c)." (*Id.* at 34, ¶ 132.) The Summer Brook Preserve Defendants and Defendant Fred Cato separately move to dismiss this Count. (Doc. No. 22 at 5-7, 16-19; Doc. No. 40 at 5-8, 15-18.)

The provisions of the RICO Act provide civil and criminal liability for persons engaged in "a pattern of racketeering activity." 18 U.S.C. § 1962(a)-(d); *Langford v. Rite Aid of Ala., Inc.*, 231 F.3d 1308, 1311 (11th Cir. 2000). Persons injured by a RICO violation have a civil cause of action under the terms of the act. 18 U.S.C. § 1964. To recover on a civil RICO claim, therefore, a plaintiff must show that "he has been injured in his business or property *by the conduct constituting the violation.*" *Rogers v. Nacchio*, 241 F. App'x 602, 608 (11th Cir. 2007) (quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985)) (emphasis added by *Rogers* Court).

The four elements of a civil RICO claim are (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Langford*, 231 F.3d at 1311.   A plaintiff in such an action must identify and prove a pattern of racketeering activity, defined as two "predicate acts" of racketeering activity within a ten year period.  18 U.S.C. § 1961(5); *Langford*, 231 F.3d at 1311-12.  The phrase "racketeering activity" is defined as including any act which is indictable under a lengthy list of criminal offenses, including the federal statutes prohibiting mail and wire fraud.  18 U.S.C. § 1961(1); *Langford*, 231 F.3d at 1312.  In order to survive a motion to dismiss a RICO claim, "a plaintiff must allege facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts."  *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 949 (11th Cir. 1997).

Plaintiff in this action seeks to show that Fred Cato and the Summer Brook Preserve Defendants violated the federal mail and wire fraud statutes and thus committed the requisite predicate acts for civil RICO liability.  (Doc. No. 1 at 34, ¶ 134.)  To establish liability under the federal mail and wire fraud statutes, a plaintiff must allege the following elements: (1) that the defendants knowingly devised or participated in a scheme to defraud the plaintiff, (2) that they did so willingly with an intent to defraud, and (3) that the defendants used the U.S. mails or the interstate wires for the purpose of executing the scheme.  *Langford*, 231 F.3d at 1312; *see also* 18 U.S.C. §§ 1341, 1343.  Since these statutes define crimes of fraud, the standard of pleading for predicate acts based on these statutes is set forth in Federal Rule of Civil Procedure 9(b).  *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007).  This Rule requires that a party alleging fraud must "state with particularity the circumstances constituting fraud . . . ."

Fed. R. Civ. P. 9(b). The Eleventh Circuit has explained that Rule 9(b) is satisfied if the complaint sets forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001).

In his Complaint, Plaintiff asserts that "the most egregious acts of fraud include those set forth in paragraph[s] 3 through 107 of this Complaint." (Doc. No. 1 at 34, ¶ 134.) Plaintiff alleges in these paragraphs various perceived improprieties such as: backdating a letter approving his application for permission to build a fence in his back yard, placing improperly addressed, unstamped correspondence in Plaintiff's mailbox, failing to prevent a board member from embezzling HOA funds, and filing a fraudulent insurance claim resulting in a check paid to the HOA in the amount of $3.50. (*E.g.*, *id.* at 6, 8, 10, 12, ¶¶ 24, 30-31, 39, 47.) In sum, according to Plaintiff, Fred Cato and the Summer Brook Preserve Defendants have "participated in several frauds with respect to Plaintiff in the application and enforcement of bylaws and covenants for the association." (*Id.* at 34, ¶ 135.)

The Summer Brook Preserve Defendants argue in response that "there is no allegation contained in the Complaint that the specific mail fraud and wire fraud alleged caused any direct injury to Plaintiff." (Doc. No. 22 at 17.) Therefore, these Defendants argue, Plaintiff lacks standing to assert a claim under RICO. (*Id.*) Even if Plaintiff had standing, Defendants assert that Plaintiff has not properly pled the elements of wire fraud and mail fraud. (*Id.* at 18-19.)

While Plaintiff has alleged numerous acts that he feels were inappropriate or even illegal, Plaintiff has failed to allege any acts of fraud that caused him injury.[9]  For instance, Plaintiff claims that he received a letter from the HOA Architectural Review Committee granting his application for permission to install a fence in his back yard that was backdated to appear to comply with HOA guidelines for the approval process.  (Doc. No. 1 at 6, ¶ 24.)  Even if this backdating was a misrepresentation of the date of approval, Plaintiff has not claimed that this misrepresentation induced him to act to his detriment or caused him damage.  (*See id.*)  Nor is it clear how any selective enforcement of HOA rules and policies against him may be considered fraud.

Plaintiff also alleges that former HOA Board Member Fred Cato's embezzlement of HOA funds, as well as "the non-actions on the part of Defendants (Kanarick, Walker, Steen[,] and Douglas)," constitute wire fraud and mail fraud.  (*Id.* at 10, ¶ 39.)  Cato's alleged actions may well have been fraud at some level, but Plaintiff has not alleged that Cato used the United States mail or interstate wires to commit this fraud.  (*See id.*)  Moreover, even if Plaintiff had made this allegation, Plaintiff has failed to allege what representations Cato made to Plaintiff, how Plaintiff was misled by these representations, and what detriment Plaintiff suffered as a result.  *See Ziemba*, 256 F.3d at 1202.  Plaintiff has also failed to adequately plead how the non-actions of Defendants Kanarick, Walker, Steen, and Douglas may be considered fraudulent.  Furthermore, Plaintiff has averred no misrepresentations or fraudulent intent on the part of these Defendants.

Finally, Plaintiff claims that the HOA engaged in insurance fraud.  (Doc. No. 1 at 12-14, ¶¶ 47-50.)  The entry sign to the Summer Brook Preserve was vandalized in July of 2006, and the HOA

---

[9]     Black's Law Dictionary defines "fraud" as "[a] knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her detriment."  Black's Law Dictionary 685 (8th ed. 2004).

filed a claim with Nationwide Insurance for the cost of repairs.  (*Id.* at 12-13, ¶¶ 47-48.)  According to Plaintiff, the claim included the cost of adding new letters to the sign which had not been present prior to the vandalism.  (*Id.* ¶ 48.)  These new letters cost $40 over the actual cost of repairs, $435, which after sales tax brought the total amount to $503.50.  (*Id.*)  The HOA's deductible was $500; therefore, Nationwide Insurance issued a check in the amount of $3.50 to the HOA.  (*Id.* at 12, ¶ 47.)  Plaintiff asserts, "The result was a fraudulent insurance claim, which in fact did not meet the deductible, being paid by Nationwide Insurance in the amount of $3.50."  (*Id.* at 13, ¶ 48.)  Thus, according to Plaintiff, when the HOA reported this to the homeowners, the HOA misrepresented the check as a "refund when in fact it was a fraudulent insurance claim."  (*Id.* at 12, ¶ 47.)  Even if this is all true, Plaintiff has not alleged any specific statements that were made to him on which he relied to his detriment.

In sum, Plaintiff has failed to properly plead two predicate acts of mail or wire fraud or to allege how he was *directly* injured by such fraud.  Since Plaintiff must plead these elements to state a claim under RICO, Count II of the Complaint must be dismissed.

### 3.      Harassment (Count V)

In Count V, Plaintiff purports to bring "an action for damages for criminal violation[s] of Title 18 U.S.C. Section 241, and harassment and related torts."  (Doc. No. 1 at 45, ¶ 179.)  The Summer Brook Defendants and Defendant Fred Cato move to dismiss this Count because it is based on a criminal statute which does not create any civil liability.  (Doc. No. 22 at 7-8, 19; Doc. No. 40 at 8, 18-19.)

Title 18, Section 241 of the United States Code is a criminal conspiracy statute which provides that "individuals who conspire to 'injure, oppress, threaten, or intimidate' another person's

'free exercise or enjoyment of any right or privilege secured to him by the Constitution' shall be fined, or imprisoned, or both." *O'Berry v. State Attorneys Office*, 241 F. App'x 654, 657 (11th Cir. 2007) (quoting 18 U.S.C. § 241 (2006)).  This statute provides for criminal penalties but "does not authorize civil suits or give rise to civil liability." *Grant v. Hartery*, No. 2:06-cv-429-FtM-34DNF, 2008 WL 786328, at *12 (M.D. Fla. Mar. 20, 2008); *accord Thibeaux v. Mukasey*, No. 07-13699, 2008 WL 1891474, at *4 (11th Cir. Apr. 30, 2008);  *Lynch v. Bulman*, No. 06-1018, 2007 WL 2993612, at *2 (10th Cir. Oct. 15, 2007) (citing cases); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006); *Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005); *Krajicek v. Justin*, No. 98-1249, 178 F.3d 1294 (unpublished table disposition), 1999 WL 195734, at *1 (6th Cir. Mar. 23, 1999); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam).  Therefore, Plaintiff may not base a claim on this statute, and Count V must be dismissed.

### 4.	Tampering with United States Mail (Count XII)

In his fourth and final Count alleging a violation of federal law, Plaintiff claims that the HOA and Defendants Roach and Kanarick have tampered with his mail and invaded his privacy in violation of Title 18, Section 1705 of the United States Code.  (Doc. No. 1 at 66-68, ¶¶ 291-305.) The Summer Brook Preserve Defendants move to dismiss Count XII for the same reason as Count V: Plaintiff's claim is based on a criminal statute.  (Doc. No. 22 at 7-8, 19-20.)  Plaintiff responds, "The action is not set forth in the statute, but the violation of the statute gives rise to a cause of action for damages resulting from mail tampering." (Doc. No. 45 at 16.)  Plaintiff cites no authority for this proposition.

The statute on which Plaintiff bases Count XII is entitled "Destruction of letter boxes or mail" and provides:

> Whoever willfully or maliciously injures, tears down or destroys any letter box or other receptacle intended or used for the receipt or delivery of mail on any mail route, or breaks open the same or willfully or maliciously injures, defaces or destroys any mail deposited therein, shall be fined under this title or imprisoned not more than three years, or both.

18 U.S.C. § 1705 (2006). Just like the previously discussed statute on criminal conspiracy, this statute provides for criminal penalties but does not create civil liability. *E.g.*, *Whitney v. U.S. Postal Serv.*, No. 95-6404, 101 F.3d 686 (unpublished table disposition), 1996 WL 304753, at *1 (2d Cir. June 7, 1996) ("there is no private right of action under criminal statutes pertaining to mail tampering"); *Contemporary Mission, Inc. v. U.S. Postal Serv.*, 648 F.2d 97, 103 n.7 (2d Cir. 1981); *Robinson v. Hubbard*, No. 3:07-cv-2051-W(AJB), 2008 WL 1833495, at *2 (S.D. Cal. Apr. 23, 2008). Nothing in the statutory language suggests that Congress intended to create a private cause of action, and the Court has not located a single case recognizing such a claim.[10] Therefore, the Court must dismiss Count XII of the Complaint.

### 5.     Remaining State Law Claims (Counts III, IV, VI, VII, VIII, IX, X, XI, XIII, XIV, XV, and XVI)

Plaintiff has yet to state a claim under federal law, and the Court declines to exercise supplemental jurisdiction over the remaining state law claims until Plaintiff has alleged a substantial and non-frivolous federal claim. *See* 28 U.S.C. § 1367(c)(3) (2006) (stating that a district court may

---

[10]     The United States of Supreme Court has explained: "We have been quite reluctant to infer a private right of action from a criminal prohibition alone; in *Cort v. Ash*, 422 U.S. 66, 80 (1975), for example, we refused to infer a private right of action from 'a bare criminal statute.'" *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190-91 (1994). Further, in another case, the Supreme Court stated: "In *Cort v. Ash* . . . we noted that this Court has rarely implied a private right of action under a criminal statute, and where it has done so 'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'" *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979).

decline supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction").  Thus, the Court grants the Motion of the Summer Brook Preserve Defendants and dismisses the Complaint in its entirety.

Since the Motion to dismiss by Cato is almost identical in substance to the Motion of the Summer Brook Preserve Defendants as to the Counts asserted against Cato, the Motion by Cato is granted for the reasons stated above.  The Motion to dismiss of Graudins and Vogt, which adopted by reference the Motion of the Summer Brook Preserve Defendants, is similarly granted for the reasons stated above.

### Conclusion

Based on the foregoing, it is **ORDERED** and **ADJUDGED**:

1.     The Motion of the Summer Brook Preserve Defendants to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim or Cause of Action is **GRANTED**, the Motion for More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e) is **DENIED AS MOOT**, and the Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f) is **DENIED AS MOOT** (Doc. No. 22, filed Jan. 10, 2008).

2.     The Motion to Dismiss for Lack of Subject Matter Jurisdiction by Defendants Susan Graudins and William Vogt (Doc. No. 23, filed Jan. 14, 2008) is **GRANTED**.

3.     The Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim or Cause of Action **GRANTED**, the Motion for More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e) is **DENIED AS MOOT**, and the Motion to Strike Pursuant to Federal Rule of

Civil Procedure 12(f) by Defendant Fred Cato is **DENIED AS MOOT** (Doc. No. 40, filed Feb. 4, 2008).

4.      The Opposed Motion to Strike Defendant Cato's Motion to Dismiss by Plaintiff (Doc. No. 57, filed Feb. 19, 2008) is **DENIED**.

5.      The Document Entitled "Adding Defendant Deleo to Count One" by Plaintiff (Doc. No. 74, filed Mar. 24, 2008) is **STRICKEN**.

6.      The Motion to Strike Plaintiff's Purported Pleading Entitled "Adding Defendant Deleo to Count One," or in the Alternative, Motion to Dismiss by the Summer Brook Preserve Defendants (Doc. No. 79, filed Apr. 7, 2008) is **GRANTED**.

7.      The Motion to Strike Pleading Entitled "Adding Defendant Deleo to Count One" and/or in [the] Alternative, Motion to Dismiss by Defendant Fred Cato (Doc. No. 80, filed Apr. 9, 2008) is **GRANTED**.

Plaintiff has leave to file an amended complaint that comports with this Order and states a claim upon which relief may be granted within ten (10) days from the date of this Order.  If Plaintiff adds Joseph DeLeo as a Defendant to this case, Plaintiff must serve DeLeo with process as required by Federal Rule of Civil Procedure 4 and file in the record of this case a Return of Service within the appropriate time.  Failure to comply with this Order will result in the case being dismissed without further notice.[11]

---

[11]      The Court admonishes Plaintiff that this Order should not be construed as inviting a more voluminous pleading than has already been filed in this case.  It is the quality of Plaintiff's claims, rather than the quantity, that is fundamentally flawed.  As Judge Spaulding has already instructed Plaintiff, Federal Rule of Civil Procedure 8 requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Though claims of fraud do require greater specificity
(continued...)

**DONE** and **ORDERED** in Chambers in
Orlando, Florida on June  23 , 2008.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[11](...continued)
        under Federal Rule of Civil Procedure 9(b), such allegations must in fact set forth a claim of fraud and should do so succinctly.  Additionally, the Federal Rules of Civil Procedure do not require Plaintiff to file evidence in support of his claims at this stage of the proceedings.