**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORDIA**
**ORLANDO DIVISION**

**PATRICK DURSO**             **Case No. Case No. 6:07-CV-2007-OLR-19-KRS**


          **Plaintiff,**

.vs.

**SUMMER BROOK PRESERVE**
**HOMEOWNERS ASSOCIATION, DAVID**
**ROACH, COLIN WALKER, ELIZABETH**
**MCCABE, KIMBERLY KANARICK,**
**FRED CATO, FRED DOUGLAS,**
**DEBORAH STEEN, AND JOSEPH DELEO**

          **Defendants.**

_____/

**FIRST AMENDED COMPLAINT**

COMES NOW, the  Plaintiff Patrick Durso, pro se and files  his First

Amended  Complaint against Defendant Summer Brook Preserve Homeowners

Association, Inc., a Florida Not-for-Profit Corporation (hereinafter referred to as

"Summer  Brook  Preserve") , David  Roach, individually,   Colin  Walker,

individually, Elizabeth McCabe, individually, Kimberly Kanarick, individually,

Fred Cato, individually, Fred Douglas, individually, Deborah Steen, individually,

and  Joseph  DeLeo, individually, all jointly and Severally with   Defendant,

Summer Brook Preserve Homeowners Association, Inc., a Florida Not-for-Profit

Corporation and in support thereof, states as follows:

**JURISIDICTION**

1. The United States District Court, Middle District of Florida, has jurisdiction to

1

## JURISIDICTION

1. The United States District Court, Middle District of Florida, has jurisdiction to federal question jurisdiction pursuant to 28 U.S.C. Section 1331, in that the claims are asserted under the Statutes of the United States of America. Plaintiff claims damages in excess of $75,000.00.

## VENUE

2. Plaintiff is a resident of Brevard County, Florida. Defendant is a Florida Not-for-Profit Corporation doing business in Brevard County, Florida. Venue is proper in the Middle District of Florida.

## PARTIES TO THIS ACTION

3. Patrick A. Durso is a homeowner in a subdivision commonly known as "Summer Brook Preserve" formerly residing at 4715 Burlwood Court, Melbourne, FL 32940. (Hereinafter referred to as "Durso" or "Plaintiff")

4. Defendant Summer Brook Preserve Homeowners Association, Inc., is a Florida Not-for-Profit Corporation operating as a homeowner's association as defined by Florida Statute Chapter 720. (Hereinafter Referred to as "Defendant Summer Brook Preserve")

5. Defendant Joseph DeLeo is an attorney (Debt Collector) employed by Defendant Summer Brook Preserve.

6. The remaining Defendants are present and past members of the Board of Directors of Summer Brook Preserve Homeowners Association and residents of Summer Brook Preserve.

2

## FACTS RELATED TO ALL COUNTS

7. On or about the 13th day of February, 2004, Plaintiff Patrick Durso, jointly with his wife, Ellen C. Durso, purchased a home in Summer Brook Preserve located at Melbourne, Florida 32940.

8. On or about the 13th day of February, 2004, Defendant Summer Brook Preserve was operating under a recorded Declaration of Covenants, Conditions and Restrictions for Summer Brook Preserve, Brevard County, Florida as recorded in Official Record Book 3985, Page 1157, and Public Records of Brevard County, Florida. Pursuant to the Covenants and Restrictions, the Plaintiff is required to pay annual assessments to the Defendant Summer Brook Preserve.

9. In 2007 , Summer Brook Preserve increased their assessment illegally and not in compliance with Florida Statute Chapter 720. As such, the assessments against Defendant are illegal. The Defendant Summer Brook Preserve has commenced collection efforts to collect these illegal assesments against Plaintiff. The illegal assesments are debts under the Fair Debt Collection Practices Act. The activities of the individual Defendants constitute third party debt collectors for Defendant Summer Brook Preserve as defined by the Fair Debt Collection Practices Act. The Defendants have violated the act numerous times and Plaintiff has suffered damages as a result of the violation.

10. On February 14, 2005 Plaintiff finally had limited access to and inspected the documents of Defendant Summer Brook Preserve Homeowner's Association, Inc. Although the documents were incomplete and insufficient and insufficient time was provided to inspect, Plaintiff discovered numerous violations of state law as a result of his inspection.

3

11. Upon initial inspection of the corporate documents, Plaintiff discovered a number of discrepancies in compliance with Florida Statute Chapter 720. These included, but were not limited to, failure to obtain a quorum for association meetings, failure to properly notice meetings, failure to properly notice and conduct elections, and failure to maintain corporate records. In fact there were numerous unopened bank statements and other financial documents never reviewed by the association Treasurer, Fred Cato at the time, or the members of the board of directors.  In early March 2005, Plaintiff filed an informational claim with Nationwide Insurance Company advising them of the improper accounting practices.

12.  Plaintiff requested additional documentation, including annual reports for 2004 for the Defendant Summer Brook and the ARC. On March 16, 2005 Defendant Kanarick promised the documents would be made available to him.  Defendant Kanarick placed the improperly addressed, unstamped correspondence, in Plaintiff's mailbox on or about March 16 2005 in violation of the Title 18 U.S.C. 1705. Said action constitutes mail fraud and invasion of Plaintiff's privacy. This is the first of a series of acts by the Defendants, individually and in concert, which constitute either mail or wire fraud within the definition of the RICO ACT.

13. On July 19, 2005, by letter from  Kanarick, plaintiff  again was promised the documentation.  Kanarick placed the improperly addressed, unstamped correspondence, in Plaintiff's mailbox on or about July 19, 2005 in violation of the Title 18 U.S.C. 1705. Said action constitutes mail fraud and invasion of Plaintiff's privacy.  This likewise is another example of the mail fraud engaged in by Defendants, jointly and severally, under the RICO Act.

4

14. As later confirmed by Defendant Roach in a police report dated October 23, 2006, it was standard practice for the Defendants Officers and Directors to place correspondence and documentation, unstamped and not sent through the normal course of the mail, into homeowners mailboxes, without their consent and in violation of federal statutes. This standard practice is sufficient to meet the criteria under RICO.

15. Prior to Tuesday, July 5, 2005, Plaintiff requested that he be allowed to appear at the July 5, 2005 Summer Brook Preserve Homeowners Association regular meeting to be held at 7:00 p.m. on July 5, 2005. Plaintiff was placed on the agenda under "special orders." On July 5, 2005 the meeting was called to order at 7:02 p.m. by the president Kanarick and thereafter she announced that there was no "quorum" to conduct the meeting business. The meeting was adjourned at 7:19 pm and no action was taken on Plaintiff's request. The next meeting was not scheduled until January 3, 2006. (Approximately six months later). Despite no meeting or quorum, the board approved their own minutes. The true purpose of delaying this meeting was to cover up the intentional fraud of Cato and to hide the financial irregularities from Plaintiff and the other homeowners. Cato had embezzled approximately $2,707.00 from the HOA and the other Defendants coved up the fraud of their co-director. Defendant Summer Brook Preserve and the individual directors knowingly and willingly engaged in a scheme to defraud Plaintiff. The Defendants used the United States Mail or wires to perpetuate the scheme. The fraud of Cato and the cover-up of the board of directors resulted in damage to Plaintiff and the devaluation of his real property.

15. At no time before the July 5, 2005 meeting and at no time since the July 5, 2005 meeting, has the board of directors, ARC committee, or other special meetings

required a quorum to conduct its business matters.

16. On August 1, 2005, with another unstamped and improperly addressed letter, hand placed in Plaintiff's mail box,  Kanarick provided a "Financial Statement" for the time period of January 1, 2004 through July 5, 2005. This is at least the fourth mail violation by these Defendants acting individually and on behalf of the Board.

17. Said report failed to provide any specific information, failed to comply with Florida Statute chapter 720 and basic accounting principals for financial statements and failed to identify the sources of revenues, expenditures, receipts or any other appropriate financial information.  Plaintiff protested and again demanded additional documentation and was refused and was damaged financially by the directors intentional fraud and by making misleading statements.

18.  After plaintiff's initial inspection, Plaintiff approached Kanarick and  Cato, requesting information concerning a number of checks he discovered were written by Cato to himself with no explanation for the use of the funds. In response, Cato ( acting in his official capacity as a board member and on board letterhead) sent a letter to all members of the homeowners' association "warning" them that Mr. Durso was attempting to obtain their personal financial information for personal gain.  The letter was an attempt to cover-up and intentionally mislead Cato's financial discrepancies and to defame Plaintiff.

19. There are no records of a termination of Fred Cato from the board of directors and no resignation. Cato was charged, indicted and convicted of grand theft on March 23, 2006 in connection with the misappropriation of funds from the  Summer Brook Preserve HOA in Case No. 05-2006-CF-16215-A, Circuit Court for Brevard County, Florida.

6

Restitution was ordered to pay the funds back. Cato was charged with the fiduciary duty of paying the association bills, collecting assessment and maintaining the banking records. His actions and the non-action on the part of the other board members constitute wire fraud as defined by 18 U.S.C. Section 1343. Cato, as the Treasurer of the Board, had access to the HOA's bank accounts. Cato embezzled funds from the HOA to the detriment of Plaintiff and all the homeowners. The action clearly constitutes use of the banking system, including the checking and wiring system, and the US mail to defraud the homeowners of Summer Brook Preserve and plaintiff directly by Cato's omissions which mislead the plaintiff and to the illegal benefit of Cato as a consequence of the fraud.

20 In addition to Cato's fraud, Plaintiff discovered that the financial records maintained by Cato were never reviewed by the officers or directors of the association.

Again the officers and directors, in their individual capacities, and as agents of Summer Brook Preserve HOA, failed to perform their duties under Florida Statute Chapter 720, breached their fiduciary duty and contributed to the mail and wire fraud of the officers and directors by means of omission and conspiracy.

21. Commencing shortly after Plaintiff first inspection of the books and records in February 2005, and after his discovery of the financial improprieties of Cato, and continuing until the filing of this complaint, the Defendants, jointly and severally, have harassed, intimidated and threatened Plaintiff in retaliation for his attempt to obtain information from the Defendant Summer Brook Preserve.

22. On or about January 2006, McCabe was appointed, without an election, as a board member and treasurer of Defendant Summer Brook Preserve. Plaintiff continued

to demand additional financial information and question the accounting practices and principals of Defendant Summer Brook Preserve and the Defendants serving on the Board of Directors.

23. On or about July 18, 2006, Plaintiff sent another demand to the board, in care of the Kanarick, again demanding documents in accordance with Florida Statute 720.303(5) (c).

25. The Plaintiff, having received no documents from the board by August 18, 2006, filed suit against Summer Brook Preserve Homeowners Association to compel production of the documents and pay a statutory fine of $500.00. On or about March 30, 2007, the Court entered a Final Judgment in favor of Plaintiff requiring compliance by the Defendant Summer Brook Preserve under Chapter 720 to produce the records.

26. On July 27, 2006 the entry sign to Summer Brook Preserve was vandalized. Shortly thereafter, McCabe, on behalf of the Summer Brook HOA, filed an insurance claim for $503.50. The Deductible was $500.00 resulting in a check paid to the association of $3.50. The claim was reported to the members on September 13, 2006 at the Semi-annual meeting. The minutes were approved by McCabe and Kanarick without a vote from the board. After completion of the repairs to the sign, Plaintiff questioned why the sign was improved and how much it cost to add addition letting to the sign. The original sign read "SUMMER BROOK PRESERVE" and the repaired sign read "SUMMER BROOK PRESERVE" and under it "DEED RESTRICTED COMMUNITY." Plaintiff contacted the Sign Man of Palm Shores, Florida and discovered the actual repair cost for the sign was $435.00. The additional letters brought the repairs to $475.00 and with tax, to $503.50. The result was an insurance claim, which

8

in fact did not meet the deductible, being paid in the amount of $3.50.Plaintiff approached the Defendants to inquire whether they disclosed the improvement costs to their insurance company at the time the claim was made. Plaintiff did not receive any response. Plaintiff then filed a fraud claim with nationwide insurance.

27. The actions of the Defendants, and the intentional omissions to Nationwide Insurance, the board of directors (Defendants Walker, McCabe and Kanarick), intentionally committed wire fraud and mail fraud that directly injured Plaintiff and committed an indictable offense.

28. Although Nationwide took no action on the fraud claim, they refused to renew the Defendant Summer Brook Preserve's insurance policy for 2007, and the premiums rose from approximately $900.00 per year to approximately $2300.00 per year due to the action of Kanarick, McCabe and Walker.

29. Commencing hereafter, the Defendants began a series of retaliatory action against Plaintiff, resulting in filing injunctions against him, fining him for irrelevant and false accusations, and repeated harassment of Plaintiff and his family. The actions of Defendants constitute a business enterprise through a pattern of racketeering activity in violation of 18 U.S.C Section 1962(c). The continued harassment, illegal activity, fraud, and indictable criminal violations by the Defendants, jointly and severally, constitute a Pattern of racketeering activity. The Plaintiff has been financially injured in his property by the indictable conduct constituting the violations of the RICO act.

30. On August 10, 2006, Walker sent a Warning Notice to Plaintiff advising him he would be fined for parking his boat and trailer on the public street.

31. On or about the October 18, 2006, Plaintiff returned home to find his mail

9

had been removed from his mail box and was lying on the ground near the mail box.  At or about the same time, Plaintiff's neighbor approached him and advised him that  Roach had been seen opening Plaintiff' mail box. .Plaintiff  contacted the police and completed a police report. The neighbor likewise completed a statement for the police.  The police made contact with   Defendant Roach who admitted he had placed an item in Plaintiff's mail box thereby "breaking the seam" as prohibited by the federal statute.  Defendant Roach admitted the item was unstamped correspondence from Summer Brook Preserve Homeowners Association to Plaintiff.  At the time, Roach was acting as an agent and representative of  Summer Brook Preserve.Roach had no authority or authorization to enter Plaintiff's mail box, individually or on behalf of the Defendant Summer Brook Preserve. The actions of  Roach constitute a violation of Federal Statute 18 U.S.C. 1705 and constitute tampering with the United States Mail (an indictable offense) and invasion of Plaintiff's privacy.

33. Plaintiff filed for an injunction for protection against Roach, and Roach filed suit in Brevard County Summary Claims Court against Plaintiff Durso claiming general damages due to his on-going dispute with Plaintiff. On March 6, 2007, Sometrime thereafter, Roach filed a complaint with the Defendant Summer Brook Preserve's ARC claiming Plaintiff violated the covenants and restrictions by parking his boat and trailer on the street. On March 29, 2007, Roach sent out a "Proposed Fine" to Plaintiff imposing a $100.00 fine against Plaintiff and a $100.00 fine against his wife.  At the June 6, 2007 Homeowners Association meeting Roach announced he was "elected" president of the association, and thanking the HOA for electing him, although no election was held.  On May 29, 2007, Defendant Roach sent an "update" to all homeowners declaring victory

over Plaintiff in the summary claims case and also appointing a committee to propose additional fines for fabricated violations of community rules.  On June 4, 2007,Roach instructed  Walker to again fine Plaintiff and a letter was sent imposing an additional $800.00 in fines against Plaintiff  for a basketball hoop that plaintiff did not  own.

34.  Defendant Summer Brook Preserve requires 10 days notice of any meeting. However, the Defendants have never provided sufficient notice to the homeowners has required. On June 26, 2007, a meeting was held by an "Independent Hearing Committee" for the purpose of fining Plaintiff and his wife for violation of the Summer Brook Preserve Deed and Covenants.  No notice of the meeting was provided as required by Florida Statutes.  On June 25, 2007, Defendants Roach, Walker and McCabe sent a letter to Plaintiff  requiring him to remove the basketball hoop. Plaintiff took no action since it was not his basketball hoop.. On June 30, 2007 Defendants David Roach, Walker and McCabe sent a letter to Plaintiff advising him of the Fines and demanding payment. On July 2, 2007 Defendant Roach sent Plaintiff Durso another Warning Letter proposing a $1,000.00 fine for the basketball hoop.

35. In early 2007, Plaintiff established a website outlining the abuses of the Summer Brook Preserve Homeowners Association. On July 2, 2007, Defendant Roach sent a letter to Plaintiff's wife, demanding that she cease using the name Summer Brook Preserve. The name is not copyrighted and Roach has no legal ownership rights to the name. For obvious reasons, The notice was ignored.  On July 16, 2007, Roach sent a letter again fining Plaintiff for parking his boat and trailer legally on the Melbourne Public streets. This time the violation was based upon  Walkers' observations. On July 27, 2007 a special HOA meeting was held. Improper notice was sent, no quorum was

present, and an unlawful attempt at obtaining proxies was made. On August 9, 2007 another meeting was called to assess fines against Plaintiff. Then another meeting was held and more correspondence was sent out of August 16, 2007. A hearing was held on September 11, 2007 assessing additional fines.   On September 11, 2007 the Independent Hearing Committee picked by Roach was held a meeting alleging three additional violations by Plaintiff and  fined Plaintiff an additional $2,400.00 for the same violations he was previously fined. On September 17, 2007 Defendants Roach, Walker and McCabe sent notice of fines and demand for payment to Plaintiff in the amount of $2,400.00.   On September 24, 2007 another meeting was held without sufficient quorum.

36. Thereafter, Defendants David Roach and Deleo filed a summary claims lawsuit in Brevard County, Florida on November 15, 2007 to collect the fines improperly assessed. Roach was acting as a debt collection under the Fair Debt Collection Practices Act.

37. On December 6, 2007, a meeting was held again assessing additional fines against Plaintiff. The Defendant Summer Brook Preserve and individual Defendants have breached their fiduciary duty to the members by failing to properly account for the funds, assessments, expenditures and properly maintain banking records, budget and accounting records and other financial requirements under Florida Statute Chapter 720. Said breach of fiduciary duty led to the embezzlement of association funds by Defendant Cato and mismanagement of funds by Defendants. The association has failed to maintain any records which accurately reflect the income and expenditures of the corporation. The individual Defendants, having breached their fiduciary duty to the homeowners.

38. As a result of defendants actions, the violations of Defendant Summer Brook

Preserve and the individual Defendants, the value of Plaintiff's home has been reduced from an original purchase price of $276,500.00 and a high appraised value of $420,000.00 to a present fair market value of less than $280,000.00. Plaintiff has been unable to sell his home for even then the value of the mortgage due to the actions of the Defendant Summer Brook Preserve and the individual Defendants and is damaged by a minimum of 140,000.00.

39. The individual Defendants undertook their illegal and fraudulent acts which operating within the scope of their perceived authority as representatives, directors, officers, committee members or members of the Summer Brook Preserve Homeowner's Association. As such, the actions cannot be distinguished from action taken with the authority of Defendant Summer Brook Preserve. Further, the actions of the individual representatives, directors, officers, committee members or members of Summer Brook Preserve having been done within the scope of their perceived authority, conveys liability to the Defendant Summer Brook Preserve for the individual actions of its representatives, directors, officers, committee members, and members.

40. The Defendants have intentionally violated multiple state and federal laws and therefore cannot be sheltered under the Business Judgment Rule. The individual directors, officers, agents, representatives, committee members and members have acted in concert, with the intent to engage in a scheme, using the business known as Summer Brook Preserve Homeowners Association, Inc., to use any means necessary, legal or illegal to inflict damage upon, oppress, injure and/or harm the Plaintiff.

41. The Plaintiff has suffered irreparable harm and damages which are continuing.

42. Those damages cannot be remedied except by compensation as demanded in

this complaint and are continuing through today.

## COUNT ONE

### VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
### (15 USC 1692k)

**(Against Defendant Summer Brook Preserve and Defendants Roach, Walker, McCabe, Kanarick, Cato, Douglas, Steen and DeLeo**

COMES NOW, the Plaintiff, and sues Defendant Summer Brook Preserve and Defendants Roach, Walker, McCabe, Kanarick, Cato, Douglas, Steen, and DeLeo for damages resulting from violation of the Fair Debt Collection Practices Act, and state as follows:

43. This is an action for damages exceeding $75,000.00 for which this Court has jurisdiction.

44. Plaintiff re-alleges the allegations set forth in paragraphs 3 through 42 and incorporate them into this Count One of his Complaint.

45. At all time relevant hereto, the illegal assessments against Plaintiff against all fifty three homeowners by Defendant Summer Brook Preserve, is a "debt" as defined by the Statute.

46. At all times relevant hereto, the Defendant Summer Brook Preserve was the holder of the debt All illegal collection efforts have been attempted by the individual Defendants, or their agents, which include, but are not limited to, Defendants Roach, DeLeo, Kanarick, Walker, McCabe. These individuals have each acted as a "debt collector" as defined by the Statute.

47. The language used in the multiple collection letters to Plaintiff was false and misleading as defined by the Statute.

48. The actions of the individual Defendants constituted conduct intended to harass, oppress, or abuse the Plaintiff in violation of the Statute.

49. The Defendant Summer Brook Preserve, through its agents, spread rumors that Plaintiff had previously filed bankruptcy and was a deadbeat, all in its efforts to collect a debt in violation of the statute.

50.    Defendant Summer Brook Preserve published a list, which included Plaintiff's name, which alleged the Plaintiff refused or failed to pay his debts.

51.    Defendants used profane language the natural consequence of which was to abuse the Plaintiff.

52. The Defendant Summer Brook's agents sent unsigned letter to Plaintiff containing defamatory false information and later published parts of that letter in corporate minutes.

53. The Defendants made false and misleading and deceptive representations to Plaintiff and to members of the community at large.

54. The Defendant Roach have falsely represented themselves as an attorney by signing the complaint in official court proceedings.

55. The Defendants reported the Plaintiff to the Department of Children and Families in an effort to disgrace and humiliate the Plaintiff in violation of the statute, although the allegations were unfounded and untrue.

56. The Defendants collectively failed to communicate and intentionally misrepresented that the Plaintiff disputed the debt.

57. The Defendants used false representations in an effort to collect the debt.

58.  The Defendants' collection of these debts was not authorized by statute or

credited by agreement.

59. The Defendants failed to validate the debt as required by Law.

60. As a result of Defendants actions, Plaintiff has suffered actual damages in the amount of $140,000.00 representing the reduction in the high appraised value of the Plaintiff's home in 2006 and the value of the home on the date the lawsuit was filed and its present value as of the filing of this complaint. As a result, the Plaintiff cannot sell his home for the amount of the existing mortgage ($260,000.00).

61. Plaintiff has suffered statutory damages and seeks $1,000.00 statutory damages for each violation for each Defendant.

62. Plaintiff is seeking his attorney fees and cost, if any have been incurred at the time of trial.

63. The individual Defendants undertook their illegal or fraudulent acts which operating within the scope of their perceived authority as representatives, directors, officers, committee members or members of the Summer Brook Preserve Homeowner's Association. As such, the actions cannot be distinguished from action taken with the authority of Defendant Summer Brook Preserve. Further, the actions of the individual representatives, directors, officers, committee members or members of Summer Brook Preserve having been done within the scope of their authority, conveys liability to the Defendant Summer Brook Preserve for the actions of its representatives, directors, officers, committee members, and members.

64. The individual directors, officers, agents, representatives, committee members and members have acted in concert, with the intent to engage in a scheme, using the business known as Summer Brook Preserve Homeowners Association, Inc., and to use

any means necessary, legal or illegal to inflict damage upon, oppress, injure and/or harm the Plaintiff in his property.

65. In addition to the individual past and present Board members, the Defendant Summer Brook employed Attorney Joseph DeLeo as a third party debt collector.  DeLeo is a "debt collector" as defined by the statute. The FDCPA broadly  defines debt collectors  as "any person who uses any  instrumentality of  interstate commerce or the mails in any  business the principal purpose  of which is the collection of any debts, or who regularly collects or attempts to  collect,  directly or indirectly, debts owed or due or asserted to be  owed or  due another." 15 U.S.C. 1692(a) this includes an attorney debt collector.DeLeo is  joined  in  this  action  as  the  agent/attorney  of  the  Defendant Summer Brook Preserve retained and hired to collect its alleged illegal debt from Plaintiff.  DeLeo is an attorney  who regularly  collect  debts  are  included  under the FDCPA.  DeLeo knew or should have known that his collection efforts as well as the collection efforts of Defendant Summer Brook Preserve and Defendant Summer Brook Preserve's agents were in violation of the FDCPA.  DeLeo  has  personally  acted  to advise the association in their collection efforts from Plaintiff. DeLeo sent the original demand letter to Plaintiff, which failed to comply with the FDCPA. DeLeo's name appeared on the law suit attached to the original complaint.

66.  Roach, on behalf of Defendant Summer Brook Preserve, filed the lawsuit in the  name  of  attorney  Joseph  DeLeo,  Esquire,  thereby  controlling  all  aspects  of  the collection process.

.    67.  Roach undertook to file the collection lawsuit against Plaintiff individually using the name of Joseph DeLeo, Esquire. The Defendants acted in

Concert with the attorney Debt Collector while retaining control over all aspects of the debt collection process.

Wherefore,  Plaintiff move the Court actual damages sustained in the amount of $140,000.00, statutory damages of $1,000.00 per violation for each   Defendant and Defendant act, costs and attorney fees.

**COUNT TWO**

**(Damages resulting from RICO ACT)**

**(Against Defendant Summer Brook Preserve and Defendants Roach, Walker, McCabe, Kanarick, Douglas, Steen and Cato)**

COMES NOW, the   Plaintiff and file this his claim for damages for unfair business practices under the RICO Act, 18 U.S.C. Section 1962(c) against  Defendant Summer Brook Preserve and  Defendants Roach, Walker, McCabe, Kanarick, Douglas, Steen  and  Cato and states:

68.  Plaintiff re-alleges and incorporates paragraphs 3 through 42 into this Count Two of his Complaint.

69.  Plaintiff has suffered damages directly related to the acts of the Defendant Summer Brook and the individual Defendants' continual pattern of criminal activity. By reason of the foregoing, the Defendants have injured Plaintiff by conducting a business enterprise through a pattern of racketeering activity in violation of 18 U.S.C. Section 1962(c).

70. The RICO "enterprise" conducted is either the association-in-fact of the defendant and its agents, acting together, as distinct from each defendant individually, or the associate and its agents collectively.

71. In particular, Defendant Summer Brook, its directors and officers have

conducted a business enterprise defined above through a pattern of mail fraud, 18 U.S.C. 1341 and wire fraud, 18 U.S.C. 1343, as described above. Defendants most egregious acts of fraud include those set forth in paragraph 3 though 50 of this Complaint.

72. The Plaintiff adequately alleges a "pattern" of racketeering activity in light of the fact that the Defendant Summer Brook Preserve, its officers, directors and agents, as well as alleged members, are alleged to have participated in several indictable frauds with respect to Plaintiff in the application and enforcement of bylaws and covenants for the association.

73. There exists an implied threat of continued racketeering activity in the future. In fact, Defendants have brought legal against Plaintiff and have since sent additional letters alleging non-exiting violations and the threat of imposing additional fines.

74. Because each of the Defendants and Defendant Summer Brook Preserve were aware of, consented to and assisted in the commission of the indictable acts of mail and wire fraud mentioned above, each has conspired to violate RICO in violation of 18 U.S.C. 1962 (d). The Defendant Summer Brook Preserve and individual Defendants worked in association, out of the same address, and cooperated and conspired with each other to further the indictable fraud committed against the Plaintiff.

75. Plaintiff has been injured in his business and property in an amount to be determined at trial, but not less that $140,000.00, representing the loss value to his property.

76. The individual Defendants undertook their illegal or fraudulent acts which operating within the scope of their authority as representatives, directors, officers, committee members or members of the Summer Brook Preserve Homeowner's

Association. As such, the actions cannot be distinguished from action taken with the authority of Defendant Summer Brook Preserve. Further, the actions of the individual representatives, directors, officers, committee members or members of Summer Brook Preserve having been done within the scope of their authority, conveys liability to the Defendant Summer Brook Preserve for the actions of its representatives, directors, officers, committee members, and members. The actions of Defendants constitute a business enterprise through a pattern of racketeering activity in violation of 18 U.S.C Section 1962(c). The continued harassment, illegal activity, fraud, and indictable criminal violations by the Defendants, jointly and severally, constitute a Pattern of racketeering activity. The Plaintiff has been injured in his property by the conduct constituting the violations of the RICO act.

77. The individual directors, officers, agents, representatives, committee members and members have acted in concert, with the intent to engage in a scheme, using the business known as Summer Brook Preserve Homeowners Association, Inc., to use any means necessary, legal or illegal to inflict damage upon, oppress, injure and/or harm the Plaintiff. The Directors and Officers cannot use the Business Judgment Rule as a shield against liability to Plaintiff.

78. Plaintiff is entitled to treble damages and reasonable attorney fees, if Plaintiff employs the services of an attorney.

79. The Defendants

(a) have engaged in conduct in violation of the RICO act (specific allegations of wire and mail fraud are alleged in paragraphs 11, 12, 13, 14, 16, 17, 19, 20, 26, 29, 31

and 40 above) although there is likewise alleged other indictable criminal activity, including, but not limited to false police reports, false DCF reports, illegal assessments; violation of Plaintiff's constitutional rights, violation of Plaintiff's property rights; and;

(b) are an enterprise defined by the RICO act as specifically alleged in paragraph 11, 14, 18, 19, 20, 21, 29, 31, 33, and 40 above, and

(c ) the violation is through a pattern of racketeering activity  described in detail in paragraphs 11, 12, 13, 14, 16, 18, 19, 20, 26,  and 31 above and generally in paragraphs 3 through 42 above;

(d) designed to and resulting in direct injury and damage to Plaintiff as alleged specifically in paragraph 17, 27, 31, 35, 38 and 39 above and Plaintiff claims that Defendants' actions have injured Plaintiff in his business and property by the conduct of Defendants in violation of 18 U.S.C. 1964.

80. The Defendants have engaged in at least five violations which constitute mail fraud and at least four violations which constitute wire fraud as alleged specifically in paragraphs 11, 12, 13, 14, 16, 18, 19, 20, 26 and 31 above. Defendants have engaged in numerous other illegal activities, as an enterprise, which constitute a pattern of racketeering as defined by the RICO statute.

Wherefore, Defendant Summer Brook Preserve and individual Defendants are jointly and severally liable in the amount of damages to be determined at trial, but not less than treble $140,000.00, punitive damages not less than $1,000,000.00 per violation, together with interest and costs of enforcement, due to the racketeering acts of Defendant Summer Brook Preserve and Defendants Roach, Walker, McCabe, Kanarick, Steen Douglas and Cato.

## DEMAND FOR JURY TRIAL

The Plaintiff Patrick A. Durso demands a trial by jury on all counts listed above.

## NOTICE OF COMPLIANCE WITH THE FEDERAL RULES OF CIVIL PROCEDURE AND THE LOCAL RULES FOR THE UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA

## VERIFICATION OF COMPLAINT

I, the undersigned Plaintiff, under penalty of perjury, do hereby swear that the allegations contained in the above Amended Complaint are true and correct to the best of my knowledge.

> **PATRICK DURSO, PRO SE PLAINTIFF**
> **397 Parkway Drive,**
> **Melbourne, FL 32934**
> **Telephone: 321-693-1916**
> **Email: Patrick@boatmat.com**

I, the undersigned Plaintiff, Patrick Durso, do hereby certify a true and correct copy of this Amended Complaint has been sent via United States Mail to Cynthia Kohn, Esquire 315 E. Robinson Street, Suite 550, Orlando, FL 32801, Robert J. Jack, Esquire, 201 E. Pine Street, Suite 1500, Orlando, FL 32801 and Thomas Walker Farrell, Esquire, 225 Orange Ave., Suite 930, Orlando, FL 32801, this 3rd day of July, 2008.

> **PATRICK DURSO, PRO SE PLAINTIFF**
> **3975 Parkway Drive,**
> **Melbourne, FL 32934**
> **Telephone: 321-693-1916**
> **Email: Patrick@boatmat.com**