UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORDIA
ORLANDO DIVISION

PATRICK DURSO        Case No. 6:07-cv-2007-Orl-19-KRS

       Plaintiff,

.vs.

SUMMER BROOK PRESERVE HOMEOWNERS
ASSOCIATION, a Florida Not for Profit Corporation,
David Roach, Colin Walker, Elizabeth McCabe,
Kimberly Kanarick, Fred Cato, Fred Douglas, Deborah
Steen, and Joseph DeLeo,

       Defendants.

_____/


## PLAINTIFF'S RESPONSE TO DEFENDANT CATO'S MOTION FOR INVOLUNTARY DISMISSAL OR PLAINTIFF'S FIRST AMENDED COMPLAINT AND MEMORANDUM OF LAW

COMES NOW, the Plaintiff Patrick Durso, pro se and files his Response to the Motion For Involuntary Dismissal and Memorandum of Law filed by Defendant Fred Cato and in support thereof, states as follows:

### SUMMARY OF RESPONSE AND LEGAL ARGUMENT

The United States District Court, Middle District of Florida has federal question jurisdiction pursuant to 28 U.S.C. Section 1331, in that, the claims are asserted under the Statutes of the United States of America. Plaintiff's claim of damages is in excess of $75,000.00. Plaintiff has stated a cause of action both for the federally-based

1

cause of action, Violation of the Fair Debt Collection Practices Act and civil damages under the RICO statute. The Plaintiff has dropped his state claim and will file them independently in state Court. The Plaintiff has dismissed Defendants Louis Seiler, Samir Singh, Aldo Martin, Brian Perrier, Jeannette Egerton, Ann Reinhart, Susan Graudins and William Vogt on the grounds that Plaintiffs claim against these individuals was primarily based upon State Law. The Plaintiff is not seeking supplemental jurisdiction over the state cause of action.

The Plaintiff has reduced his Federal Court complaint to two counts. Count One is a violation of the Fair Debt Collections Practices Act, 15 U.S.C. Section 1692k. Count Two is damages under 18 U.S.C. 1962(c) (The RICO statute).

The Court granted Defendants' Motions to Dismiss and Plaintiff timely filed his Amended Complaint. The Plaintiff meticulously addressed each deficiency cited by the Court and the First Amended Complaint states a cause of action for both federal counts. The Defendant's Motion to Dismiss is without merit and should be denied. Defendant's Motion to Dismiss is primarily a restatement of the grounds stated in his original motion without addressing specifically the Plaintiffs new and condensed allegations set forth in the First Amended Complaint.

## RESPONSE TO MOTION TO DISMISS

### 1. Response to Defendant's Motion to Dismiss Count One of the Complaint for Failure to State a Cause of Action for Lack of Subject Matter Jurisdiction

Count One is precise in outlining Defendant Cato's violations of the Fair Debt

2

Collections Practices Act, 15 U.S.C. Section 1692k. Plaintiff has accurately and articulately set forth the elements of the FDCPA to state a cause of action. Plaintiff has addressed the two primary issues before the Court: (1) whether the assessment and fines were "Debt" under the statute and (2) the use of a third party collection agent (Defendant Joseph DeLeo) in collecting the debt. The Plaintiff has standing to bring this action against all defendants, including Cato.

**2. Response to Defendant Cato's allegation that there exists no cause of action against Defendants since they are not "creditors" within the meaning of the FDCPA.**

Defendants raise the affirmative defense that they are not "creditors" within the meaning of the FDCPA. Two problems exist with this argument. First, it is unclear who "owns" the "debt" seeking to be collected. The Debt was established by an "Independent Hearing Committee" and there is no record of assignment of the debt to the Defendant Homeowners Association. Second, in addition to the individual Defendants' collection efforts on behalf of the Defendant Homeowner's Association, the individual Defendants undertook collection efforts in an individual capacity for either the Defendant Homeowner Association or the Independent Hearing Committee, whoever may be the owner of the Debt. Finally, the owner of the debt used attorney Joseph DeLeo, Esquire in its collection efforts, including filing legal action. Clearly the "debt collector" included not only the owner of the debt, but third parties acting as "debt collectors" within the meaning of 15 U.S.C. Section 1692a(6). The Plaintiff will argue that if the owner of the debt acts in concert with the debt collector to collect the debt, the owner is subject to the terms of the FDCPA. Further, Cato was primarily responsible for association finances

3

and was active in the fraud against Plaintiff.

The Plaintiff has joined Defendant Joseph DeLeo, Esquire who was retained as the primary debt collector for Defendant. However, the individual defendants are still "debt collectors" as the term is used in the statute.

### 3. Response to Defendant Cato' allegations the alleged assessment of a fine is not a "debt" within the meaning of the Statute.

The Court addressed this issue, determining the "fine" itself may not be a debt as defined by the Statute. However, Plaintiff's Amended Complaint makes it clear that not only is the collection effort for the alleged "illegal" fine, it is also for the original assessment and invalid modified assessment. Those assessments are clearly debts under 15 U.S.C. 1692a(5). A "debt" is defined under the statute as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes..." Clearly the debt, both the fines and the assessments, imposed against Plaintiff is the result of a transaction which is primarily for personal, family or household purposes. The Debt was imposed against Plaintiff personally as a result of alleged violations resulting from the use of his personal property. Finally, Defendant Cato was in charge of the financial affairs of the association and charged with the financial responsibilities. He clearly is a proper defendant to this action.

### 4. Response to Defendant Cato's claim that certain allegations are barred by the one-year statute of limitation.

Again, Defendants' are all raising an affirmative defense which should be pled as

4

such. The defense is without merit. The "warning letter" of August 10, 2006, the only action taken outside the statute of limitations, was a general correspondence directed and correspondence to all homeowner's and not an effort to collect a debt under the FDCPA.

5. **Response to Defendant Cato's Motion to Dismiss Count Two of Plaintiff's Complaint for Failure to State a Cause of Action under the RICO statute.**

The Defendant correctly states that the allegations of Count Two are based upon mail and wire fraud, as required by 18 U.S.C. 1962(c) (RICO). Although alleged in the first complaint, the Plaintiff's Amended Complaint more clearly and specifically sets forth allegations of mail and wire fraud which constitute actions which "could be criminally prosecuted," the standard discussed by the Court in its Order. The Defendants are further correct that they "participated in several frauds with respect to Plaintiff in the application and enforcement of the by-laws and covenants for the Association." The allegations of fraud are expressly stated, Defendant is able to formulate a response to the allegations and the allegations state a cause of action.

6. **Response to Defendant Cato' argument that Plaintiff lacks standing to bring this cause of action since he fails to allege any injury.**

Although Plaintiff clearly alleged the devaluation of his property, the damage to his reputation and other injuries in the original Complaint, the Plaintiff has now specifically and clearly alleged his damages in the Amended Complaint. Plaintiff spells out with specificity the devaluation of his home which he attributes directly to the fraud

5

and actions of the Defendants. Plaintiff, as a homeowner, has been damaged monetarily due to the associations increase in insurance costs, loss of funds as a result of embezzlement and increase in homeowner's fees. Plaintiff has alleged these violations have directly caused him financial injury.

### 7. Plaintiff's response to Defendant Cato's argument there are no facts that could demonstrate Defendants are an enterprise within the meaning of the statute.

The Plaintiff has alleged that the Association is an enterprise as defined by 18 U.S.C. Section 1961(4). It is an "ongoing organization, formal or informal, and functions as a continuing unit." The actions of the Defendants in concert and together with third parties, constitute an association formed for a fraudulent purpose, is a "phony organization" and did attempt to device income from the Plaintiff through the assessment and enforcement of fraudulent fines. Plaintiff has met the requirement that the corporation is distinct from its shareholders, officers and directors by alleging it acted in concert with third parties.

### 8. Plaintiff's response to Defendant Cato's argument that Plaintiff failed to state a cause of action for mail or wire fraud.

Defendant's argument for this affirmative defense is weak at best. Plaintiff has alleged the necessary elements of mail and wire fraud, including more than one allegation as to each violation. Defendants' use of the mails and unauthorized entry into his mail box constitutes mail fraud under 18 U.S.C. 1341. Defendants' use of the banking system constitutes wire fraud under 18 U.S.C. 1343.

## MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION TO DISMISS AND/OR MOTION TO STRIKE AND/OR MOTION FOR MORE DEFINITE STATEMENT TO ALL COUNTS OF PLAINTIFF'S FIRST AMENDED COMPLAINT.

Comes now, the Plaintiff and files his memorandum of law in opposition to the Motion to Dismiss and/or Strike and States:

## PROCEDURAL HISTORY

Plaintiff originally filed a pro se, sixteen count complaint against the Defendant Homeowner's Association along with individual claims against current and past members of the Board of Directors for the Association, as well as members of the Architectural Review Committee, the Landscape and Maintenance Committee and the Independent Hearing Committee. All but three of the Defendants are represented by the same attorney, despite the potential conflict which may exist between them. The Defendants filed various Motions to Dismiss and/or Strike as to each Count. The Court granted the Motion to Dismiss in a 22 page opinion addressing the deficiencies in Plaintiff's Complaint. The Court granted Plaintiff leave to amend and the First Amended Complaint, addressing with specificity each deficiency cited by the Court, was timely filed with the Court. The Plaintiff likewise reduced his 16 count complaint to two primary counts for violation of the Fair Debt Collection Practices Act and the damages under the RICO statute. The Defendant Cato has refilled another Motion to Dismiss which is substantially the same as

his first Motion. The Plaintiff, having already addressed the prior alleged deficiencies, moves the Court to deny the Motion to Dismiss of Defendant Cato.

## II. FACTS

Plaintiff's First Amended Complaint has condensed the factual allegations and limited the facts to those specifically related to Count's One and Two of the First Amended Complaint.

## III LEGAL ARGUMENT

### Response to Defendant's Motion to Dismiss Count One of the First Amended Complaint for Failure to State a Cause of Action

Count One of the First Amended Complaint has been amended to include a precise outline of Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. Section 1692k. Plaintiff has accurately and articulately set forth the elements of the FDCPA to state a cause of action. Further, Plaintiff has expanded his allegation from the First Complaint, including the allegation that the "Debt" is not only the effort to collect the fine, but the collection effort for the assessments and improperly modified assessment. If the pro-se Plaintiff has presented fact which support a claim for which he would be entitled to relief, the Court should not dismiss the action. The Plaintiff here should be held to less stringent standards than formal pleadings drafted by lawyers. As stated in the case of Haines v. Kerner, 404 U.S. 521 (1972).

> "We cannot say with assurance that under the allegations of the *pro se* complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' *Conley v. Gibson*, 355 U. S. 41, 45-46 (1957). *See Dioguardi v. Durning*, 139 F.2d 774 (CA2 1944).

8

Although <u>Haines</u> is applicable to Plaintiff, the First Amended Complaint is plead with such specificity that a less stringent standard need not be applied. Plaintiff has addressed the deficiencies cited in the Court's Order and First Amended Complaint is not a "shot-gun" pleading as alleged by the Defendants.

**<u>Response to Defendant's allegation the there exists no cause of action against Defendants since they are not "creditors" within the meaning of the FDCPA.</u>**

Defendant Cato raises the affirmative defense he is not a "creditors" within the meaning of the FDCPA. Defendants are now using the term "creditor" and "Debt Collectors" interchangeably in their argument. In fact, they are "debt collectors" within the meaning of the statute. Two problems exist with this argument. First, it is unclear who "owns" the alleged "debt" seeking to be collected. A member of the ARC committee recommended the debt and brought the action before the Independent Hearing Committee.

The Debt was established by an "Independent Hearing Committee" and there is no record of assignment of the debt to the Defendant Homeowners Association. In addition, the correspondence sent to Plaintiff and attached to the complaint as an exhibit is from individual members of the various boards, but not on board letterhead, or what appears to be official board action.

In addition to the individual Defendant's collection efforts on behalf of the Defendant Homeowner's Association, the individual Defendants undertook collection efforts in an individual capacity for either the Defendant Homeowner Association or the

9

Independent Hearing Committee, whoever may be the owner of the Debt. The FDCPA broadly defines debt collectors as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. 1692(a)

Finally, the owner of the debt used attorney Joseph DeLeo, Esquire in its collection efforts. It has been held that attorneys who regularly collect debts are included under the FDCPA. Ladick v. Gemert, 146 F.3rd 1205 (10th Cir. 1998) (HOA law firm sued over demand letter for condominium fees). Clearly the "debt collector" included not only the owner of the debt, but third parties acting as "debt collectors" within the meaning of 15 U.S.C. Section 1692a(6).

The Plaintiff has joined Defendant Joseph DeLeo, Esquire and specifically set forth allegations against DeLeo as a third party "debt collectors" used to collect this debt.

Finally, a creditor is considered a "debt collector" if he uses a name other than his name or a factitious name. A creditor who collects its own debts by a different name implying that a third party was a debt collector either (a) when the creditor uses an alias or (b) when the creditor controls all aspects of the collection process. In this case, Defendant Roach, on behalf of Defendant Summer Brook, filed the lawsuit in the name of attorney Joseph DeLeo, Esquire, thereby controlling all aspects of the collection process. 15 U.S.C. Section 1692(a)(6); Sokolski v. Trans Union Corp., 53 F. Supp. 2d 307 (E.D.N.Y. 1999).

### Plaintiff's response to Defendant's allegations the alleged assessment of a fine is not a "debt" within the meaning of the Statute.

The Plaintiff has amended his complaint to include, not only the fine assessed by the association, but also the assessment and illegally modified assessment, for which collection efforts continue against Plaintiff. Defendants admit the assessments are a debt defined by 15 U.S.C. 1692a(5). However, despite the conflict in the law, the Plaintiff would alleges the "fine", illegally assessed and invalid, likewise constitutes a "debt" under the statute. A "debt" is defined under the statute as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject to the transaction are primarily for personal, family or household purposes..." Clearly the debt imposed against Plaintiff is the result of a transaction which is primarily for personal, family or household purposes. The Courts have continuously held that fees due a homeowner association are debts as defined by the Act. Carol v. Maxwell, 48 F. Supp. 932 (Arizona Dist. Ct. 1999). There would be no logical difference between a fee and a fine imposed by the HOA.

### Plaintiff's response to Defendant's Motion to Dismiss Count Two of Plaintiffs Complaint for Failure to State a Cause of Action under the RICO statute.

The Defendants correctly state that the allegations of Count Two are based upon mail and wire fraud, as required by 18 U.S.C. 1962(c) (RICO). The Defendants are further correct that they "participated in several frauds with respect to Plaintiff in the

11

application and enforcement of the by-laws and covenants for the Association." The First Amended Complaint has more clearly and specifically spelled out those facts alleging mail and wire fraud "which could result in criminal prosecution." The allegations of fraud are expressly stated, Defendants are able to formulate a response to the allegations and the allegations state a cause of action. In addition to the mail and wire fraud, the Plaintiff has sufficiently alleged additional fraudulent activity, including insurance and bank fraud, which substantiates Plaintiff's claim. However, it is the wire and mail fraud which are required to substantiate a RICO action and Plaintiff has met that burden. Sedima, SPRL v. Imrex Co. 473 U.S. 479 (1985). The Plaintiff has specifically alleged and shown that (1) there was a violation of Section 1962, (2) an injury to his business or property, and (3) that his injury was directly caused by the RICO violation. Alden v. Allied Adult and Child Clinic, 171 F. Supp. 2d 647, 650 (E.D. La. 2001).

### Plaintiff's Response to Defendants argument that Plaintiff lacks standing to bring this cause of action since he fails to allege any injury.

Plaintiff is specific in the injury he has alleged in the complaint. The First Amended Complaint spells out with specificity the devaluation of his home which he attributes directly to the fraud and actions of the Defendants. Plaintiff, as a homeowner, has been damaged monetarily due to the associations increase in insurance costs, loss of funds as a result of embezzlement and increase in homeowner's fees. Plaintiff has alleged these violations have directly caused him financial injury. Plaintiff has also alleged there are the direct result of the RICO violations alleged by Plaintiff. To recover in a RICO action, the Plaintiff must demonstrate an injury to his business and property. Highs v.

Tobacco Inst., Inc., 278 F.3d 417 (5th Cir. 2001) Plaintiff has alleged with specificity the losses he has suffered. This does not even include the damage to his reputation, his family, the cost of moving and maintaining two residences. The devaluation of his home alone is sufficient damages to have standing to bring this action. However, Plaintiff's damages far exceed only the devaluation of his home.

**There are no facts plead that demonstrate necessary causation or reliance between the alleged fraud and the damages alleged as resulted by the Statute.**

The Plaintiff has specifically alleged, in his First Amended Complaint, the allegations necessary to show (1) a violation of Section 1962, (2) injury to his business or property, and (3) that the violation caused the injury. Haroco v. American bank and Trust Co., 747 F.2d 384 (7th Cir. 1984). The Defendants attempt to argue there is no causation between the violations, which they admit, and the damage to Plaintiff's property, which he alleges in specific detail. Further, the Defendants attempt to allege the violations are only minor in nature, therefore they cannot possible constitute damage to Plaintiff's business or property. The argument does not hold water. The Plaintiff clearly alleged violations of Section 1962, showed injury to his property and has clearly alleged the violations caused the injury.

Defendant has further alleged that Plaintiff did not "rely" on Defendants' fraudulent conduct to his detriment and "placing unstamped letters in his mailbox or opening his mailbox did not directly caused him injury to his property." Defendants are not comprehending that the "phony organization" "formed for a fraudulent purpose" engaged in pattern of activities, including those cited by Defendants, in an effort to harm

and damage the Plaintiff and his property. It is not just the invasion of his privacy, for which he was damaged, but the overall continued pattern of illegal activities that actually had a direct impact upon the devaluation of Plaintiffs' home. The numerous criminal activities of the Defendants resulted in damages to Plaintiff's property. Those activities are continuing and the damages are continuing.

### Response to Defendant's argument there are no facts that could demonstrate Defendants are an enterprise within the meaning of the statute.

The Plaintiff has alleged that the Defendants are an enterprise as defined by 18 U.S.C. Section 1961(4). RICO encompasses both legitimate and illegitimate enterprises. United States v. Trukette, 452 U.S. 576 (1981). The Defendant is arguing there is no distinction between the corporation and its shareholders, (members in this case) officers and directors and therefore no "enterprise" has been formed. Sufficient facts have been alleged to show the directors and officers are distinct from the homeowner's association itself. The acted both in concert with the HOA and independently among themselves. In addition, the Plaintiff must show the HOA is distinct from the officers and directors themselves. River City Markets, Inc. v. Fleming Foods West, Inc., 960 F.2d 1458 (9th Cir. 1992). The Courts have held that where the corporation is a separate legal entity from its incorporators, even if the corporation is owned and controlled by a sole shareholder. Thus, one can successfully name as a defendant persons the individual shareholders, officers, directors or employees who engaged in a pattern of racketeering activity through their corporate enterprise. Cedric Kushner Promotions, Inc. Ldt. V. Don King, 533 U.S. 158 (2001) Abraham v. Singh, 480 F.3rd 351 (5th Cir. 2007) It is an

"ongoing organization, formal or informal, and functions as a continuing unit." The individual officers, directors and shareholders would be liable where the corporation is the enterprise. However, in order for the corporation to be liable, the corporation must engage in a pattern of racketeering activity through an enterprise that includes more than itself or its subparts. Where the corporation engaged in a pattern of racketeering activity through legal entities beyond its control, the person/enterprise distinction is satisfied. Here the engagement was with the police department, banks, City Code Enforcement, The Department of Children and Families, insurance companies, and others. Therefore, both the individual Defendants, through the corporate enterprise, and the corporation, through third party enterprises, constitute an "association formed for a fraudulent purposes", is a "phony organization" and did attempt to derive income from the Plaintiff through the assessment and enforcement of fraudulent fines and by other means. The Plaintiff meets the person/enterprise distinction rule.

### Plaintiff's response to Defendants' argument that Plaintiff failed to state a cause of action for mail or wire fraud.

Defendants argument for this affirmative defense is anemic at best. Plaintiff has alleged the necessary elements of mail and wire fraud, including more than one allegation as to each violation. Defendants' use of the mails and unauthorized entry into his mail box constitutes mail fraud under 18 U.S.C. 1341. Defendants' use of the banking system constitutes wire fraud under 18 U.S.C. 1343. <u>Sedia, S.P.R.L v. Imrex Co.,</u> 473 U.S. 479 (1985). The use of the mails to deliver notices of illegal assessments is only one example of the causation between the use of mails and the scheme to default. The violation of

15

mails was clearly for the purpose of executing the scheme to default. United States v. Ingles, 445 F.3rd 830 (5th Cir. 2006). The Defendant stated it best: "A defendant acts with the intent to defraud when he acts knowingly with the Specific intent to deceive for the purpose of causing pecuniary loss to another or bring about some financial gain to himself. United States v. Akpan, 407 F.3rd 360 (5th Cir. 2005). Here clearly the scheme and intent was to conspire to cause the Plaintiff and his property harm. The elements of wire and mail fraud have been property plea, the complaint is specific in its cause of action and states a claim under the RICO statute.

## III. CONCLUSION

Plaintiff's First Amended Complaint states a cause of action under the Fair Debt Collections Practices Action and the RICO statute. Defendants have failed to allege any new deficiencies to the First Amended Complaint and those previously addressed in the Court's Order of Dismissal have been addressed and cured by the Plaintiff. The Plaintiff has been damaged as a result of the Defendants, jointly and severally, violating the RICO and FDCPA. The Plaintiff, as a non-lawyer, has articulately as possible stated Plaintiff's claim.

Plaintiff has stated a cause of action in each of the counts and the Motion to Dismiss by Defendant Cato should be denied. The Court should exercise its jurisdiction over the federal causes of actions, deny the motion to dismiss and order the Defendants to answer the allegations of the complaint within 20 days.

## NOTICE OF COMPLIANCE WITH THE FEDERAL RULES OF CIVIL PROCEDURE AND THE LOCAL RULES FOR THE UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA

_____
PATRICK DURSO, PRO SE
PLAINTIFF
3975 Parkway Drive,
Melbourne, FL 32934
Telephone: 321-693-1916
Email: Patrick@ boatmat.com

## CERTIFICATE OF SERVICE

I, the undersigned Plaintiff, Patrick Durso, do hereby certify a true and correct copy of this Complaint has been sent via United States Mail to Cynthia Kohn, Esq., 315 E. Robinson Street, Suite 550, Orlando, FL 32801, and Robert J. Jack, Esquire, 201 E. Pine Street, Suite 1500, Orlando, FL 32801, and Paul S. Jones 255 South Orange Ave., Suite 930, Orlando, FL 32801 this 4th day of August, 2008.

_____
PATRICK DURSO, PRO SE
PLAINTIFF
3975 Parkway Drive,
Melbourne, FL 32934
Telephone: 321-693-1916
Email: Patrick@ boatmat.com