UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NUMBER: 6:07-cv-2007-Orl-19-KRS

PATRICK DURSO,

    Plaintiff,

vs.

SUMMER BROOK PRESERVE HOMEOWNERS
ASSOCIATION; DAVID ROACH; COLIN
WALKER; ELIZABETH McCABE;
KIMBERLY KANARICK; FRED CATO;
FRED DOUGLAS; DEBORAH STEEN;
and JOSEPH DeLEO,

    Defendants.
_____

**PRO SE DEFENDANT JOSEPH E. DELEO'S MOTION TO DISMISS COUNT ONE OF PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)6 FOR FAILURE TO STATE A CLAIM OR CAUSE OF ACTION AND INCORPORATED MEMORANDUM OF LAW**

    Defendant, JOSEPH DELEO, pro se, moves to dismiss Count One of Plaintiff's First Amended Complaint and states as follows:

    1. Plaintiff's causes of action and requests for relief arise as a result of his residence in a deed-restricted community, SUMMER BROOK PRESERVE, in Melbourne, Brevard County, Florida. The Declaration of Covenants, Conditions and Restrictions for Summer Brook Preserve are filed in Official Records Book 3985, at Page 1157, of the Public Records of Brevard County, Florida.

    2. Plaintiff originally filed a 16 count Complaint to which the undersigned was not a party and which was dismissed by the Court in its order dated June 23, 2008. Plaintiff has filed a two

*Durso v. Summer Brook et al*
*Case No.: 6:07-cv-2007-Orl-19-KRS*
*Motion to Dismiss and Motion to Strike*
*Page 2*

count First Amended Complaint, of which only Count One pertains to Defendant DELEO and which must be dismissed.

### Motion to Dismiss Count One of the First Amended Complaint for failure to state a cause of action, for lack of subject matter jurisdiction and for its untimeliness

3. Count One of the First Amended Complaint, which purports to state a cause of action for "Violation of the Fair Debt Collections Practices Act" pursuant to 15 U.S.C. §1692k, should be dismissed. This count is convoluted, incorporates antecedent allegations by reference, and contains a long list of allegations that appear to be immaterial to the cause of action. It is unclear from a plain reading of the First Amended Complaint which specific actions of Defendants Plaintiff claims constitute a violation of the statute. It is, in essence, a shotgun pleading without any direction, making it nearly impossible for Defendant DELEO to respond thereto.

4. Even assuming the Court were to allow the pleadings to stand as is, Count One still fails to state a cause of action under 15 U.S.C. §1692 for violations of the Fair Debt Collections Practices Act (hereinafter referred to as "FDCPA"). The Court does not have subject matter jurisdiction over this claim.

5. In order to state a claim under the FDCPA, a Plaintiff must allege that: (1) the Plaintiff has been the object of a

*Durso v. Summer Brook et al*
*Case No.: 6:07-cv-2007-Orl-19-KRS*
*Motion to Dismiss and Motion to Strike*
*Page 3*

collection activity arising from a consumer debt, (2) a Defendant is a debt collector as defined by the FDCPA, and (3) the Defendant engaged in an act or omission prohibited by the FDCPA. Where it is clear from the allegations in the Complaint, as in this case, that the pleader cannot state a cognizable claim under this statute, it is proper for the Court to dismiss the action.

### The alleged assessment of a fine is not a "debt" within the meaning of the statute.

6. In paragraph 45 of the First Amended Complaint, Plaintiff alleges the levying of a fine against him by Defendant, SUMMER BROOK, is a "debt" as defined by 15 U.S.C. 1692. A fine against Plaintiff cannot, as a matter of law, constitute a debt as defined by 15 U.S.C. §1692a(5). The count fails to allege that the assessment of the fine arose out of a transaction in which the money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

7. Plaintiff has alleged in paragraphs 9, 33 through 35, 37 and 45 that he was assessed a fine on different occasions. At the outset, the allegations in this count are insufficient as they do not give notice of the specific items Plaintiff alleges constitutes a debt against him or the other fifty-three homeowners as discussed in paragraph 45.

*Durso v. Summer Brook et al*
*Case No.: 6:07-cv-2007-Orl-19-KRS*
*Motion to Dismiss and Motion to Strike*
*Page 4*

8. Notwithstanding that, Plaintiff has asserted various allegations concerning fines being assessed against him. He alleges on March 29, 2007, Defendant, SUMMER BROOK, allegedly sent out a proposed fine to Plaintiff imposing a $100.00 fine against him and a $100.00 fine against his wife for violation of covenants and restrictions for parking his boat and trailer on the street. (Plaintiff's First Amended Complaint, Par. 33. Doc.92). Defendant, SUMMER BROOK, allegedly assessed another fine on or around June 4, 2007 for $800.00. Then on July 2, 2007, Plaintiff allegedly received another warning letter proposing a $1,000.00 fine for a basketball backboard. (Plaintiff's First Amended Complaint, Par. 34, Doc. 92). On September 11, 2007, he was allegedly fined $2,400.00 for the same violation he was previously fined for. (Plaintiff's First Amended Complaint, Par. 35, Doc. 92).

9. Here, the fine is not incidental to a debt already owed, but rather a lawfully-imposed penalty against Plaintiff for his alleged violation of the homeowner association's governing documents. It is not an "assessment", and because it is not a debt, the Court does not have jurisdiction over this claim.[1]

---

[1] The Court already found in its order of June 23, 2008, page 13, that association fines levied against homeowners do not constitute debts under the FDCPA and Defendants therefore cannot be debt collectors within the meaning of the FDCPA..

4

*Durso v. Summer Brook et al*
*Case No.: 6:07-cv-2007-Orl-19-KRS*
*Motion to Dismiss and Motion to Strike*
*Page 5*

Therefore, Defendant DELEO cannot be a debt collector within the meaning of the FDCPA.

### Certain allegations are barred by the one-year statute of limitations.

10. Certain allegations contained in Count One of the First Amended Complaint are barred as a matter of law by the one year statute of limitations described under 15 U.S.C. §1692k(d). Plaintiff fails to identify in the count itself with any specificity which letters and/or communications he claims constitute a violation of this statute. Plaintiff discusses a variety of actions in the initial paragraphs which may or may not be part of his claim in Count One. He must set forth specific violations in order to determine whether they are time barred.

### Memorandum of Law in Support of Motion to Dismiss Count One of Plaintiff's First Amended Complaint

COMES NOW, Defendant, JOSEPH DELEO, pro se, and files the within Memorandum of Law in support of his Motion to Dismiss:

I. **PROCEDURE HISTORY:**

Plaintiff, PATRICK DURSO, pro se, originally filed a 90-page, 16-count Complaint on or about December 20, 2007, against the Homeowners Association for the community wherein he resides, along with individual claims against current and past members of the

*Durso v. Summer Brook et al*
*Case No.: 6:07-cv-2007-Orl-19-KRS*
*Motion to Dismiss and Motion to Strike*
*Page 6*

Board of Directors for the Homeowners Association, and individual members of other Committees within this community, including the Architectural Review Committee, the Landscape and Maintenance Committee and the Independent Hearing Committee. Defendant DELEO was not a named party in the original complaint. The original Defendants filed a Motion to Dismiss which was granted by the Court on June 23, 2008. Plaintiff filed a First Amended Complaint on July 3, 2008, setting forth two counts. Only Count One is directed towards Defendant DELEO, which should be dismissed for the reasons set forth in the motion above and supported by this Memorandum.

II. **FACTS**:

Plaintiff is a resident of SUMMER BROOK PRESERVE, a deed-restricted community which is governed by a Declaration of Covenants, Conditions and Restrictions, and is located in Brevard County, Florida, with the documents recorded in Official Records Book 3985, Page 1157, of the Public Records of Brevard County, Florida. Plaintiff has alleged in Count One a violation of the FDCPA by Defendant DELEO.

III. **LEGAL ARGUMENT**:

**Count One of the First Amended Complaint alleging a violation of FDCPA should be dismissed for failure to state a cause of action and lack of subject matter jurisdiction.**

*Durso v. Summer Brook et al*
*Case No.: 6:07-cv-2007-Orl-19-KRS*
*Motion to Dismiss and Motion to Strike*
*Page 7*

Generally, counts in a complaint alleging federal causes of action should be dismissed if they are shotgun pleadings that incorporate every antecedent allegation by reference and contain numerous allegations that are immaterial to the specific count. Pleadings such as this should be dismissed as a matter of law since they harm the Court by impeding its ability to administer justice. <u>Outridge v. Quality Recovery Services</u>, 2007, U.S. Dist. LEXIS 37118, Case No. 6:06-cv-1866-Orl-31JGG (M.D. Fla. 2007).

### The alleged assessment of a fine is not a "debt" within the meaning of the statute.

The FDCPA was enacted to prevent inappropriate behavior by a debt collector while trying to collect a debt. For instance, §1692d states that "a debt collector may not engage in any conduct, the natural consequences of which is to harass, oppress or abuse any person in connection with a collection of a debt." In U.S.C. §1692e, it states that a debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt. "Debt" is defined under the statute as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction, are primarily for personal, family, or household purposes, whether or

7

Case 6:07-cv-02007-MSS-KRS   Document 98   Filed 08/12/08   Page 8 of 9 PageID 1015

*Durso v. Summer Brook et al*
*Case No.: 6:07-cv-2007-Orl-19-KRS*
*Motion to Dismiss and Motion to Strike*
*Page 8*

not such obligation has been reduced to judgment." 15 U.S.C. 1692a(5).

Here, Plaintiff alleges that the assessment of a fine against Plaintiff by Defendant, SUMMER BROOK, is a "debt" as defined by the statute. (Plaintiff's First Amended Complaint, Par. 45, Doc. 92). While courts have held that homeowners' association maintenance fees constitute a debt for purposes of the FDCPA, there is no authority for the proposition that a fine is a debt within the meaning of the statute. There is authority for the proposition that the imposition of a legally imposed fine is not a "debt" within the meaning of the FDCPA. **See** *Graham v. ACS State and Local Solutions*, 2006 U.S. Dist. LEXIS 73973, Case No. 06-2708 (D. Minn. 2006).

Indeed, this Court, in its order dated June 23, 2008, in which it dismissed Plaintiff's complaint, cited other cases which followed *Graham* in support of the Court's finding that fines are not debts under the FDCPA and therefore Defendants are not debt collectors within the meaning of the FDCPA. It follows then that Defendant DELEO is not a debt collector under the FDCPA as applied to the facts of this case.

**V.   CONCLUSION:**

*Durso v. Summer Brook et al*
Case No.: *6:07-cv-2007-Orl-19-KRS*
*Motion to Dismiss and Motion to Strike*
Page 9

WHEREFORE, Defendant, JOSEPH DeLEO, respectfully requests that this Honorable Court grant the relief requested.

Respectfully submitted,

_____
Joseph E. DeLeo, Pro Se
Defendant
3490 N. US Highway 1 32926
P.O. Box 236007
Cocoa, Florida 32923-6007
Ph: (321) 631-1550
Fax: (321) 631-1567
e-mail: wsdbp@yahoo.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via U.S. mail delivery on this 11th day of AUGUST, 2008 to: Patrick A. Durso, 3975 Parkway Drive, Melbourne, FL 32934; Paul S. Jones, Esq., 255 S. Orange Avenue, Suite 930, Orlando, FL 32801; and Cynthia Kohn, Esq., 315 East Robinson Street, Suite 550, Orlando, FL 32801-2719, and Robert J. Jack, Esq., 201 East Pine Street, Suite 1500, Orlando, FL 32801.

_____
Joseph E. DeLeo, Pro Se
Defendant
3490 N. US Highway 1 32926
P.O. Box 236007
Cocoa, Florida 32923-6007
Ph: (321) 631-1550
Fax: (321) 631-1567
e-mail: wsdbp@yahoo.com